IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

---

ALBERTO CONCEPCION,

          Plaintiff,

   vs.

D. ORTIZ,
(WARDEN, AT F.C.I FORT DIX);
. BRINSON,
(CAPTAIN, AT F.C.I FORT DIX);
J. DIXON,
(COUNSELOR, AT F.C.I FORT DIX);
K. SMITH,
(CASE MANAGER, AT F.C.I FORT DIX);
JANE DOE, 1, 2, & 3,
(STAFF MEMBERS, AT F.C.I FORT DIX);
JOHN DOE, 1, 2, & 3,
(STAFF MEMBERS, AT F.C.I FORT DIX);
A. BOYCE,
(DHO OFFICER, AT F.C.I FORT DIX);
MARK INCH,
(FBOP, DIRECTOR); &
M.D. CARVAJAL,
(NORTHEAST REGIONAL, DIRECTOR);

          Defendants.

:     "J U R Y  B Y  T R I A L"
:     D E M A N D E D
:
:
:
:
:
:   CIVIL ACTION #  _3:18cv1103_
:
:
:
:
:
:      **FILED**
:     **SCRANTON**
:
:     MAY 2 9 2018
:
:   PER _____
:      DEPUTY CLERK

---

## BIVENS COMPLAINT/AFFIDAVIT/MEMORANDUM OF LAW/BRIEF
## IN SUPPORT OF THIS CAUSE OF ACTION

---

    NOW COME'S, Pro Se Plaintiff, ALBERTO CONCEPCION (PLAINTIFF, AND/
OR A/C), waving no powers, rights, and/or immunities due to the use of
said private international copyrighted statutes-codes; respectfully
placing this Bivens Cause of Action, & Affidavit.., for money damages,
inter alia, before the U.S. District Court for the Middle District of
Pennsylvania (COURT), due to the Defendants, implemented acts of official
misconduct, planting evidence, abuse of power under color of federal law,

false statements, & information in their **"own created"** government docu-
ments, aiding, & abetting, interstate commerce, & the unlawful seizure of
some of the Plaintiff's (**"PROPERTY"**), legal material, reading material, &
a minimum of one book, including the Plaintiff's, Civil, & Constitutional
Rights, inter alia, being violated by said Defendants, of which said mis-
conduct, & violations, inter alia, were committed directly, & indirectly
by the named Defendants, in this matter now before this Court.

1-- Plaintiff, A/C, being duly sworn, deposes, say, & declare's
under penalty of perjury, pursuant to 18 U.S.C. § 1001, & 28 U.S.C. §
1746, that this prima facie case, evidence, & facts herein are completely
true, correct, & are as follows:

2-- Plaintiff, A/C, is without counsel, therefore, he is relying on
Haines v. Kerner, 30 L.Ed 2d 652 (S.Ct. 1972); & Estello v. Gamble, 429
U.S. 97, 105-06 (S.Ct. 1976).

3-- Plaintiff, A/C, is placing this Bivens Cause of Action, & Affi-
davit.., before this Court in good faith, for good cause, without preju-
dice, & not for any delay.

4-- The named Defendants, and/or their counsel(s) of record (COR),
**"are not"** involved in any military service(s); **"& are not"** infant's, and/
or incompetant individual's.

5-- Plaintiff, A/C, is of full age, & he has first hand personal
knowledge of what occurred at F.C.I Fort Dix P.O. Box 2000 (P.O. BOX 038,
IS FOR STAFF ONLY) Joint Base MDL, New Jersey 08640 (FTD) on May 18,2017,
& prior to this specified date, regarding this matter now before this

2

Court.

6-- This Bivens Cause of Action, & Affidavit.., is containing gen-unin material prima facie issues, fact findings, & supporting case law, regarding this matter, of which said facts, & evidence, inter alia, **are contained within the Defendants, own created documents**" that were com-plaint about to the FEDERAL BUREAU OF PRISONS (FBOP), & to a minimum of two other federal government agencies, of which said government agencies **did receive said complaints**" that were filed by the Plaintiff, & one of his family member's, but were ignored by those federal agencies.

## JURISDICTION OF THIS COURT

7-- This Bivens Cause of Action, & Affidavit.., arises under viola-tions of the federal laws, & that of the U.S. Constitution, particulary under the provisions of the 1st, 4th, 5th, 6th, 8th, 9th, 10th, 13th, & 14th Amendment Rights, inter alia, of Plaintiff, A/C; as this Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1331.

## PARTIES INVOLVED

8-- The parties in this matter are those listed in the caption of this Bivens Cause of Action, & Affidavit..; as each Defendant, is de-scribed below.

9-- Defendant, D. ORTIZ, is the Warden at FTD, & he is being sued in his individual capacity in this matter.

10-- Defendant, . BRINSON, is the Captain at FTD, & he is being sued in his individual capacity in this matter.

11-- Defendant, J. DIXON, is a counselor on the eastside compound in unit 5752, at FTD, & he is being sued in his individual capacity in

3

this matter.

12-- Defendant, K. SMITH, is a case manager on the eastside compound in unit 5752, at FTD, & she is being sued in her individual capacity in this matter.

13-- Defendant(s), JANE DOE, 1, 2, & 3, is an unknown prison employee at FTD, & is being sued in her individual capacity in this matter.

14-- Defendant(s), JOHN DOE, 1, 2, & 3, is an unknown prison employee at FTD, & is being sued in his individual capacity in this matter.

15-- Defendant, A. BOYCE, is the DHO officer at FTD, & he is being sued in his individual capacity in this matter.

16-- Defendant, MARK INCH, is the Director for the FBOP corporation who suppose to over-see his co-defendants, & employees of it's corporation's operations; as he is being sued in his individual capacity in this matter.

17-- Defendant, M. D. CARVAJAL, is the Director of the NORTHEAST REGIONAL OFFICE (NERO), who also suppose to over-see his co-defendants, & numerous other federal correctional institutions within this region; as he is being sued in his individual capacity in this matter.

## STATEMENT OF THIS CASE, & FACTS

18-- On Dec. 17,1999, A/C, was allegedly indicted at the U.S. District Court for the District of (NEWARK) New Jersey (NJDC), on two out of five Counts; with possession with intent to distribute 100, or more grams of heroin under 21 U.S.C. §§ 846, & 841(a)(1). On July 7,2000, A/C, was given a 325 month federal prison sentence.

4

19-- On Nov. 30,2007, Plaintiff, A/C, arrived at FTD, & was assign-
ed to the eastside compound (ESC) unit 5711.

20-- During the time that A/C, was on the ESC, he was given a mini-
mum of four incident reports, & was placed in the SHU, four times for
said incident reports, & one alleged S.I.S investigation; as all of the
incident reports were given to Plaintiff, A/C, **"within"** a nine (9) month
period (INBETWEEN 2007, & 2008), of which said fabricated incident re-
ports, & the placement in the SHU, **"were all in retaliation"** of A/C's,
filing of his administrative remedies **"against prison officials on the
ESC, inter alia"**, at FTD, of which these specified prison officials **"were
all assigned"** to work on the ESC, as counselors, & a unit manager. See,
Copper v. Pate, 12 L.Ed 2d 1030 (S.Ct. 1964).

21-- Sometime in the early year of 2012, Plaintiff, A/C, **"checked
himself into the SHU"**, because his counselor was harassing, & threating
him by stating that he was going to place (**"PLANT"**) a cell phone in his
locker. Once A/C, was released from the SHU (AFTER DOING 53 DAYS), **"he
was assigned"** to the westside compound (WSC) unit 5812.

JUDICIAL NOTICE (NOTICE): FTD, prison has **"two separate"** compounds
known as the WSC, & the ESC.

22-- On March 15,2017, Plaintiff, A/C, **"was moved"** from the WSC,
back to the ESC, **"for no reason(s)"**, & was assigned to unit 5752, cell
214-2U. On March 16,2017, A/C, **"was moved"** to a two man cell in unit 57-
52, cell 307, bed, & locker 1-L, with inmate BENJAMIN RESTO, #16278-054
(RESTO). Said cell movement was made by Defendant-counselor J. DIXON,
from unit 5752.

5

23-- On Thursday May 23,2017, a cell shakedown was conducted at FTD, in unit 5752, cell 307, by C/O J. HARRIS.

NOTICE: C/O J. HARRIS, has been working in unit 5752, from 4:00 to 11:55 p.m., for approximately two months, "& at no time" during those two months did C/O HARRIS, ever shakedown a two man cell in said unit (5752) until May 18,2017.

Moreover, during C/O HARRIS, shakedown of Plaintiff, A/C's, cell (307) on May 18,2017, C/O HARRIS, and/or the compound C/O "never" search locker 1-L, of which said locker (1-L) was assigned to A/C, by prison official's at FTD.

24-- After the shakedown by C/O HARRIS, Plaintiff, A/C, told his celly (RESTO) that he was leaving, & going to the Lt.'s office, because his legal material was all over the cell, but A/C, & RESTO, were both placed in the SHU, on the night of May 18,2017, due to some contraband that was allegedly found "in a safe" in cell 307, behind locker 2-L, by C/O HARRIS ("NOT NAMED AS A DEFENDANT, IN THIS MATTER").

25-- In the May 18,2017, incident report C/O HARRIS, stated therein that the contraband that was found in cell 307, was found in a safe "outside, & behind locker 2-L", on the bottom of the left corner of said locker, of which locker 2-L, belong to inmate RESTO. SEE, Ex: C-1 - C-4, herewith.

26-- On May 19,2017, A/C, requested to see S.I.A (INTERNAL AFFAIRS) for the purpose of filing a complaint against Lt. ANDERSON, who requested A/C (& RESTO), to be placed in the SHU.

6

NOTICE: FTD, prison officials, including Defendant-Warden, D. ORTIZ, "refuse" to let Plaintiff, A/C, file a complaint with the S.I.A officer.

27-- On May 23,2017, A/C, was advised during his first UDC, hearing with Defendant-counselor J. DIXON, of his inmate rights at discipline hearing (IRADH), in which said forms contained a federal register number (#09758-087) "that did not belong to inmate A/C". SEE, Ex: C-5 - C-8, herewith.

28-- On May 27,2017, S.I.S Lt. ATKENSON, ask A/C, why did he want to speak with the S.I.A officer; A/C, responded by telling him that the contraband found in cell 307, "was planted on him", & that he wanted the S.I.A officer to conduct an investigation; Lt. ATKENSON, then attempt to convince A/C, from speaking with the S.I.A officer.

29-- On June 1,2017, A/C, was before Defendant, DHO officer BOYCE. BOYCE, then read the May 23,2017, IRADH form that was signed by A/C, prior to the DHO hearing, in which contained a federal register number (#09758-087) "that did not belong to A/C", of which BOYCE, never acknowledge this fact during the DHO hearing. A/C, requested BOYCE, "to dismiss" the May 18,2017, incident report, because the contraband was found in a common area, & C/O J. HARRIS, "did not" properly write the incident report. Once BOYCE, acknowledge A/C's, facts being true, BOYCE, then told Plaintiff, A/C, that he was going to postpone the DHO hearing, "because he needed to speak with the Captain (DEFENDANT, BRINSON)". SEE, Ex: C-5, herewith.

NOTICE: "None" of the cells-inmates sleeping quarters at FTD, have locks on said cell doors; "therefore, giving access" to a minimum of 350

inmates that are living in that one unit (5752) to any other inmate(s) cell. That fact is a part from approximately one thousand six hundred (1,600) other inmates on the ESC, **"having access"** to all of the units, & inmates sleeping quarters-buildings during the entire day, & evening hours when the compound is open for movement(s).

30-- On the evening of June 1,2017, Plaintiff, A/C, **"was served"** with an Amended incident report, in which contained false information therein, & the correction's of A/C's, remarks that he made to Defendant-DHO officer BOYCE, earlier that morning during the DHO hearing that took place on the morning of June 1,2017. **SEE**, Ex: C-9 - C-11, herewith.

**NOTICE**: Plaintiff, A/C, asserts, & contends that DHO officer BOYCE, advised, & requested Defendant-Captain, BRINSON, and/or C/O J. HARRIS, to re-write the May 18,2017, incident report against A/C, & inmate RESTO, by saying as follows: Since this was a two man cell, **"& only one locker was unsecured"**, I am charging both inmates with those charges...

Moreover, after Plaintiff, A/C, read the new Amended incident report on the evening of June 1,2017, **"he again requested to see S.I.A"**, for the purpose of filing a complaint against C/O J. HARRIS, being that **"he knowingly falsified information in his Amended incident report"**.

31-- On June 7,2017, A/C, was informed, & signed a second IRADH form with counselor J. GONZALAZ, from unit 5752. During said UDC, hearing A/C, **"was misinformed"** of his alleged committed prohibited act under code 107, by GONZALEZ. During said UDC, hearing A/C, advised GONZALEZ, that he wanted inmate RESTO, **"to be his witness"** at the DHO hearing; GONZALEZ, acted as if he put RESTO's, name on the attached form to the IRADH, but

instead counselor GONZALEZ, put the name of inmate <u>JOSE COLON</u>, <u>#66267-</u>
<u>050</u>; a inmate that Plaintiff, A/C, **"never knew, and/or never had contact**
**with"** on neither compound until he was placed in the SHU.

    <u>NOTICE</u>: Plaintiff, A/C, asserts, & contends that the accused pro-
hibited act under code 107, that he was advised of violating, & that he
allegedly violated is for a hostage situation, of which no such prohibit-
ed act was ever committed by A/C, nor was A/C, given a incident report-
Notice of such committed violation. <u>SEE</u>, Ex: C-12, & C-13, herewith; &
<u>Gilbert v. Selsky</u>, 867 F.Supp. 159, 166 (S.D.N.Y 1994); & <u>Copper v. Pate</u>, supra.

    32-- On <u>June 22,2017</u>, A/C, was before DHO officer BOYCE. During
said DHO hearing Plaintiff, A/C, advised BOYCE, **"that he was wrong, &**
**prejudice him, inter alia",** by advising Captain BRINSON, and/or C/O HAR-
RIS, to correct the <u>May 18,2017</u>, incident report; as oppose to dismissing
said incident report against A/C. <u>SEE</u>, Pg. 7, at ¶ 29, herein.

    Moreover, A/C, advised BOYCE, that he was moved from the WSC, to
the ESC, on <u>March 15,2017</u>, **"for no reason(s)";** A/C, then ask BOYCE,
**"where was inmate RESTO",** who was his requested witness ? BOYCE, then
told, & did show A/C, a document showing that RESTO, **"was not"** on the
witness list; however, Defendant, BOYCE, continued with the DHO hearing,
& found A/C, guilty of the alleged prohibited acts, & denied, & violated
A/C, his due process rights, inter alia, by denying him his specified
witness, over-looking the improper federal register number in A/C's,
first IRADH form during the DHO hearing on <u>June 1,2017</u>, & not noticing
the wrongful mentioned prohibited code **("107")** during the second UDC,
hearing, & at the second DHO hearing before BOYCE. <u>SEE</u>, Pg. 9, at <u>NOTICE</u>,

9

herein.

33-- On <u>June 19,2017</u>, A/C, filed a administrative remedy against counselor <u>J. GONZALEZ</u>. On <u>July 17,2017</u> ("29 DAYS LATER"), said admini-strative remedy was answered by Defendant-counselor, <u>J. DIXON</u>. <u>SEE</u>, Ex: C-14 - C-16, specifically Ex: C-16, herewith.

34-- Plaintiff, A/C, contends that **"after"** he was found guilty by the DHO officer (BOYCE) on <u>June 22,2017</u>, somebody tried to correct **"the incorrect"** federal register number (#09758-087) in the IRADH form(s), & in several other documents related to the <u>May 18,2017</u>, incident report; planted contraband against Plaintiff, A/C, by a minimum of one prison official at FTD. <u>SEE</u>, Ex: C-5 - C-8, herewith.

35-- On <u>June 27,2017</u>, A/C's ("PROPERTY"), nine boxes, & one laundry bag containing his legal material, reading material, & several law books **"was removed"** from the SHU, by S.I.S correction officer's at FTD, pursu-ant to the SHU property officer <u>J. WARD</u>. The Plaintiff, asserts, & con-tends that **"no search warrant, and/or seizure warrant(s)"** was provided to him by Defendant-Warden, <u>D. ORTIZ</u>, the FBI, and/or otherwise for the con-fiscation, search, & seizure of A/C's, property **"in violation"** of his 4th Amendment, pursuant to the U.S. Constitution, inter alia.

<u>NOTICE</u>: When A/C, received his property-legal material on <u>Aug. 9, 2017</u>, for the purpose of packing-out his property for movement to another federal institution he Notice that he was missing approximately a box of legal material, reading material, & a minimum of one book, of which Plaintiff, A/C, is requesting that said illegally seized property be re-turned back to him immediately by Defendant-Warden, <u>D. ORTIZ</u>; as this re-

quest should be an Order made by this Court.

36-- On July 20,2017, Defendant, K. SMITH, submitted a 409 form to
Grand Prairie, Texas, in which said form **"contained"** false statements-
information, & double jeopardy issues therein, of which her actions were
made knowingly, intentionally, & willingly; with the authorization of
co-defendant, D. ORTIZ, & JANE, & JOHN DOE(S). SEE, Ex: C-17 - C-19,
herewith.

37-- On Thursday July 13,2017, A/C, was given a copy of his DHO re-
port, & on Thursday July 20,2017, the NERO, received A/C's, DHO Appeal,
regarding the DHO's June 22,2017, decision. SEE, Ex: C-20 - C-22, here-
with.

38-- On Friday July 21,2017, A/C's, DHO Appeal **"was rejected"** by
the NERO. On Wednesday July 26,2017, A/C, received the NERO's, rejection
Notice, of which A/C, requested the SHU correction officer in charge (A.
DOWNS, **"WITNESS"**) to sign, & date the received rejection Notice the day
that it was given to Plaintiff, A/C, at FTD. SEE, Ex: C-23, herewith.

NOTICE: Plaintiff, A/C, contends that his ten days **"started from"**
Wednesday July 26,2017, when he received his rejection Notice from C/O A.
DOWNS.

39-- On Sunday July 30,2017, for Monday July 31,2017, A/C, pur-
chased a book of stamp's from commissary for the purpose of re-mailing
his rejected DHO Appeal back to the NERO, with it's made corrections
therein within the given ten days that was given to A/C, in the reject-
ion Notice by the NERO. On the night of Aug. 1,2017, Plaintiff, A/C, **"re-
mailed"** his DHO Appeal decision back to the NERO, **"for a second time"**,

11

of which the SHU, correctional officer who received A/C's, out-going mail "was recorded by video tape(s)" near cell 318, on the night of Aug. 1, 2017, inbetween the hours of 10:00 to 11:55 p.m., of taking said mail; as said recorded video tape(s) was a part of the discovery request in Civil Action #3:17-CV-2171(JMM). SEE, Ex: C-24, herewith.

NOTICE: Many federal prison officials nationwide like to abuse, manipulate, & are knowingly violating countless inmates rights to Appeal a DHO decision, or constantly claiming that a inmate's administrative remedy is untimely, or it's not a sensitive BP-10, issue, & etc., in violation of the inmates due process rights, inter alia.

Moreover, there is "a Court Order" from the Trenton, or Camden U.S. District Court in New Jersey, to prison officials at FTD, stating that prison officials "shall" provide inmates at FTD, with any administrative remedy request(s) even though prison officials at FTD, as of the day (AUG. 11,2017) that A/C, was moved to another institution "were knowingly" ignoring that Court's Order.

40-- Pursuant to the NERO, A/C's, June 22,2017, DHO Appeal (#29893-15/#909669-R2) "was rejected a second time", of which Plaintiff, A/C, asserts, & attest "that he never seen" a copy of that second rejection Notice. On Tuesday Oct. 24,2017, A/C, certified mail a letter to the NERO, requesting to know the status of his June 22,2017, DHO Appeal. SEE, Ex: C-25, & C-26, herewith.

41-- On, or about Nov. 20,2017, A/C, certified mail a Motion, & Affidavit.., pursuant to 28 U.S.C. § 2241, before this Court (DOCKET ENTRY #3:17-CV-2171(JMM)). On Jan. 4,2018, "this Court Order" the Respon-

dents, & the U.S. Attorney to respond to the Petitioner's, 28 § 2241,
petition "within" twenty-one days from the date of said Order, "& answer
to the petition with supporting materials".

42-- On <u>Jan. 25,2018</u>, COR, on behalf of the Respondents, in that
matter (#3:17-CV-2171(JMM)) filed a Motion for dismissal, because Peti-
tioner, A/C, failed to exhaust his administrative remedies; as oppose to
satisfying this Court's Order of <u>Jan. 4,2018</u>.

43-- On <u>March 13,2018</u>, A/C, mailed out a Motion, & Affidavit..,
requesting for Judgement by Default; or inalternative, a discovery dead-
line against COR, by the Court, then the requested schedule date for
A/C's, demanded trial by jury...

44-- On <u>April 4,2018</u>, A/C, mailed "an Affidavit" in support of his
filed habeas corpus 28 U.S.C. § 2241, before this Court; citing <u>Paladino
v. Newsome</u>, 2018 BL 90342, 3rd Cir. #15-2058 (3/16/2018). <u>SEE</u>, the dock-
et entry sheet (#3:17-CV-2171(JMM)) for the results of that matter.

REASONS, & ARGUMENTS SHOWING GENUINE ISSUES OF MATERIAL FACTS
WITH SUPPORTING EVIDENCE FOR THE DEMANDED TRIAL BY JURY
<u>AGAINST ALL THE NAMED DEFENDANTS IN THIS MATTER</u>

45-- Plaintiff, A/C, in this Bivens, & Affidavit.., "is saying"
that the named Defendants, & other unknown individuals all acted under
color of federal law, inter alia, by knowingly, intentionally, & willing-
ly depriving A/C, of his Civil, & Constitutional Rights; along with vio-
lating the laws of both the Sovereign STATE OF NEW JERSEY (WHERE SOME OF
THE DEFENDANTS, COMMITTED THEIR UNLAWFUL ACTIVITIES, & VIOLATIONS AGAINST
PLAINTIFF, A/C), & that of the UNITED STATES OF AMERICA. See, <u>Calhoun v.</u>

13

Detella, 319 F.3d 936, 941 (7th Cir. 2003); & Paladino v. Newsome, supra.

46-- Plaintiff, A/C, asserts, & contends that the Defendants, here-in among other unknown federal government agency(s) **"are guilty of dis-picable acts"** of official misconduct, malicious prosecutions, misuse of powers, planting contraband on A/C, by way of an incident report, at-tempts to conceal, & cover-up prison officials unlawful activities, & due process violations, the illegally confiscated, search, & seized property belonging to A/C, & the falsifying of statements, & information within government documents **"that were created"** by prison officials at FTD (DOCUMENTS THAT ARE BEING USED AS EXHIBITS HEREWITH), inter alia, of which said complaints, & documents **"were ignored"** by higher level employ-ees at the FBOP, Central Office, & at the NERO. See, Johnson v. Knorr, 477 F.3d 75, 83 (3rd Cir. 2007).

47-- The Defendants, unlawful activities, & Constitutional viola-tions, inter alia, operated in their individual capacity, & under color of federal law, inter alia, of which cause Plaintiff, A/C, mental an-guish, humiliation, stress, loss of 40 days good time (**"CREATING A FALSE IMPRISONMENT FOR THOSE 40 LOSS GOOD TIME DAYS"**), the increase of his se-curity prison level, costly filings (& PERHAPS APPEALS), copies, stamps, research, typing-typing ribbons, & etc.

48-- Plaintiff, A/C, asserts, & contends that the Defendants, ac-tions were acts, & causes that constituted official, & wanton misconduct, gross negligence, actual malice, oppressive, compensatory, punitive, mon-etary, irreparable, discretionary, & treble damages, among other damages, & etc., of which the Plaintiff's, evidence, & his witness testimonies

will be presented at his demanded trial by jury before this Court, regarding all of the issues herein, & other related issues in this matter. See, Edwards v. Balisok, 520 U.S. 641, 645 (S.Ct. 1997); Borges Colon v. Roman-Abreu, 438 F.3d 1, 21 (1st Cir. 2006); Harden v. Pataki, 320 F.3d 1289, 1300, fn. 14 (11th Cir. 2003); Smith v. Wade, 461 U.S. 30, 51 (S.Ct. 1983); Fowler-Nash v. Democratice Caucus of Pa. House of Rep., 469 F.3d 328, 340 (3rd Cir. 2006).

49-- Plaintiff, A/C, contends that the exhaustion of administrative remedies is generally preferred, however, it is not a jurisdictional requirement for the purpose of filing a Bivens Cause of Action-Affidavit; as Congress "did not" include a requirement of exhaustion of any administrative remedies in the statute(s) upon which this Court's jurisdiction is based. The absence of such a requirement levels this Court with the authority to reach the merits as those in this matter now before this Court. See, U.S. v. Wood, 888 F.2d 653, 654 (10th Cir. 1989); McCarty v. Madigan, 503 U.S. 140, 144 (S.Ct. 1992); & Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990).

50-- A/C, asserts that Congress has given no direction in the AEDPA, of 1996, that a Plaintiff, in a Bivens Cause of Action for money damages, inter alia, is statutorily required to exhaust any administrative remedies "before filing" a Bivens Cause of Action, & Affidavit.., for relief. The presence of the requirement in the PLRA, the AEDPA, & it's absence in a Bivens, means that Congress intended the distinction, & deliberately chose not to require exhaustion by any "injured party, and/or otherwise" even though A/C, did in good faith, & for good cause tryed to

exhaust his administrative remedies **"twice"**, but was knowingly, & intentionally denied that Right by prison official's at FTD, & the NERO. See, Rodriguez v. United States, 480 U.S. 522, 525 (S.Ct. 1987); Brookins v. Vogel, 2006 WL #3437482, at *3 (E.D. Cal. 2006); Paladino v. Newsome, supra; & 2A N. Singer, Sutherland Statutory Construction §§ 57.06, at 654 (Sands 4th Ed. 1984).

51-- The Plaintiff, has presented clear, & convincing evidence by the use of the Defendants, **"own created government documents"**, including testimonies from witnesses as to the issues in this matter before this Court showing, & etc., that Defendant, D. ORTIZ, & numerous other employees of the FBOP, including a minimum of one other federal government agency knowingly, intentionally, & willingly **"conspire"** directly, & indirectly to commit actual malice, inter alia, against A/C.

e.g., on June 22,2017, A/C, was convicted of serious prison disciplinary charges at a DHO hearing before Defendant, A. BOYCE, at FTD, of which said May 18,2017, incident report, & planted contraband **"was orchestrated"** by a minimum of one prison official at FTD (OF WHICH IS ONE, OR SEVERAL OF THE JANE, AND/OR JOHN DOE(S), IN THIS MATTER), **"prior to"** A/C, being moved from the WSC, to the ESC, on March 15,2017, for no apparent reason(s), of which said movement decision was finalized by Defendant-Warden, D. ORTIZ, who authorized said movement. SEE, Pg. 5, at ¶ 19 - ¶ 22, herein; & Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955 (2007).

52-- When prison officials at FTD, & Defendant, D. ORTIZ, subject Plaintiff, A/C, to serious punishment like punitive segregation, numerous strip searches, bend overs, & spreading of his buttocks, exposing his genital's, & his anal area, of which also lead to all of the above issues

16

during his movements from FTD, prison to MDC, Brooklyn, New York, then to U.S.P Canaan (LOCK-DOWN 16 HOURS A DAY ON WEEKDAYS, & LOCK-DOWN ON WEEKENDS, & HOLIDAYS 24 HOURS A DAY; AS A/C, WAS AT U.S.P CANAAN FOR 29 DAYS), & finally F.C.I Allenwood Medium; as said movement caused inter-state commerce **"due to the fabricated evidence"** that was planted on Plain-tiff, A/C, by prison officials at FTD, against A/C.

NOTICE: The movement from the WSC, to the ESC, on <u>March 15,2017</u>, **"created an obvious set-up"** by prison officials at FTD, by some of the named Defendants, who aided, & abetted one another in order to accomplish said unlawful, & prohibited acts, inter alia, at FTD.

53-- Prison officials at FTD, should have safe-guarded A/C's, due process rights, inter alia; as oppose to said prison officials at FTD, personal attacks against Plaintiff, A/C, because of his relentless fil-ings of his administrative remedies at that prison, & his quest for his freedom due to the **"forged signatures"** in the issued arrest warrants, & criminal complaints in his federal criminal case (#99-6144-01(RJH)), & in several other un-related federal criminal cases, inter alia, of which said forgery, misconduct, & etc., occurred at the NJDC, & has lead to this situation now before this Court. See, <u>Wolff v. McDonnell</u>, 418 U.S. 539, 566, 94 S.Ct. 2963 (1974); <u>Gilbert v. Frazier</u>, 931 F.2d 1581, 1582 (7th Cir. 1991); <u>Copper v. Pate</u>, supra; & <u>Paladino v. Newsome</u>, supra.

54-- Pursuant to the policy of the FBOP, & case law prisoners have a right to call witnesses when it is not unduly hazardous to the institu-tion's safety, or correctional goals, of which none of these reasons

17

apply to this matter; nor was any of those reasons mentioned by Defendant, A. BOYCE, during said DHO hearing on June 22,2017. SEE, Pg. 9, at ¶ 32, herein; Serram v. Francis, 345 F.3d 1071, 1079-80 (9th Cir. 2003); & Wolff v. McDonnell, supra.

55-- Plaintiff, A/C, contends that prison officials at FTD, actions only amounted to the kind of blanket policy of denying their rights to a witness, or type of witnesses, inter alia, in which Courts have repeatedly struck down as violations of the prisoner's due process; as Courts have also repeatedly held that the refusal to call a witness(es) **"with personal knowledge"** of the incident in question denies due process. See, Forbes v. Trigg, 976 F.2d 308, 316-17 (7th Cir. 1992); McFarland v. Cassady, 779 F.2d 1426, 1428 (9th Cir. 1986); McCann v. Coughlin, 698 F.2d 112, 122-23 (2nd Cir. 1983); & Fox v. Coughlin, 893 F.2d 475, 478 (2nd Cir. 1990).

56-- Defendant, D. ORTIZ, the FBOP, & the NERO, including a minimum of one other federal government agency-office **"were made aware of"** Plaintiff, A/C's, situation, but decided to ignore his fact-findings when they **"intentionally failed to investigate"** A/C's, requested request for an investigation, of which said requests were made prior to May 18,2017, & afterwords; as there acts not to investigate, and/or at minimum question said victim **"is unacceptable"**, & was physical torture to the Plaintiff, by all of the Defendants.

57-- Plaintiff, A/C, contends that the Defendants, known herein as Warden, D. ORTIZ, FBOP, Director MARK INCH, & NERO, Director M.D. CARVA-JAL, actions constituted gross negligence, & deliberate indifference, in-

ter alia, as supervisors when they themselves were knowingly violating their own policies, & customs, inter alia, by not properly training, supervising, managing, & investigating the complaints that have been filed by the Plaintiff, his sister, & other inmates against their subordinates, their failure to investigate countless Civil, & Constitutional violations, & prohibited acts "that were" implemented by their subordinates, & their failure to be concerned of four thousand plus inmates health, & safety risks by these Defendants, & prison officials at FTD; therefore, D. ORTIZ, MARK INCH, & M.D. CARVAJAL, among other federal employees as a matter of law can be held liable for creating, & allowing the above violations, the prohibited acts, & etc., to continue to go on, of which have been occuring at FTD, for numerous years, especially the one that started the Plaintiff's, situation on March 15,2017, once he was moved from the WSC, to the ESC, for no reason(s).

58-- The Defendants, exercised gross negligence, & deliberate indifference, inter alia, to the Plaintiff's, health, & safety by failing "to protect him" from the fabricated incident report(s), threats from staff by "placing him back on the ESC, on March 15,2017", & the inadequate space, & ventilation in each cell at FTD, of which all of the Defendants, were well aware of the risks, sicknesses, & etc., that existed at this specified prison due to each inmates housing unit-building exceeding it's building occupancy capacity by at least 96 inmates per building.

59-- Defendants, D. ORTIZ, MARK INCH, & M. D. CARVAJAL, all knew, or should have known that FTD, former Warden J. HOLLINGSWORTH, "falsified information" in the EMS 36 forms "to the public"; to wit, that P.S. 1060.

<u>11</u>, held, at pg. 7, ¶ 8(a) - (f), in part: All permanent housing area...
"**shall**" be reported on the rated capacity computation form EMS 36 (EMS 36
FORM(S)); as the Regional Director "**shall**" sign, & forward the EMS 36
form to the assistant Director...

   <u>NOTICE</u>: The Defendants, in ¶ 57, herein knowingly continued "**to
allow**" the violations of P.S. <u>1060.11</u>, & that of the American Correction-
al Association (ACA) at FTD, causing serious harm to the health, & safety
of Plaintiff, A/C, because the Defendants, & it's corporation (FBOP) "**are
only interested**" in the revenue stream from the overcrowding of the in-
mates sleeping quarters at FTD, by cramming together 12 inmates per cell,
while the 2nd Circuit Court of Appeals does not hold that a 12 man cell
can ever be Constitutional, of which said 12 man cells poses additional,
& greater risks to the inmates health, & safety. Keeping mindful that the
inmates sleeping quarters at FTD, is also the inmates dinning area, in
which "**each cell**" has only one table that can only seat four inmates at a
time. Do to the overcrowding of each inmates sleeping housing quarters
(12 INMATES PER CELL), said inmates "**ARE NOT**" being given the mandated-
required 60 sq. ft., of unencumbered space per inmate, "**& ARE NOT**" being
provided the sufficient seating, & eating surfaces in each 12 man cell.
In <u>Rhode v. Chapman</u>, 69 L.Ed 2d 59 (S.Ct. 1981), the Court held, I have
not the slightest doubt that 63 sq. ft., "**of cell spece**" is not enough
for two men.

   Moreover, the double bunks alone (3 BUNKS ON EACH SIDE) take a mini-
mum of 20 sq. ft., each, & with 12 inmates in one cell the noise level
is excruiating, because some of the inmates have different sleeping

hours, beside's other inmates visiting inmates throughout the day, &
night, inter alia, in said cells, of which heighten tension(s), arguments,
& at time's fights occur, inter alia, placing the Plaintiff, in constant
risk of violence, & serious harm from other inmates within said housing
unit; as some of the inmates at FTD, in the 12 man cells are agitated at
the smallest little thing, especially in the summer "due to the unescape-
able heat" in said unhuman 12 man cells that "do not have" any air con-
ditioners. These facts are apart from the inmates at FTD, "catching dif-
ferent types of infections". e.g., due to the 12 inmates per cell, & the
violation(s) of each buildings occupancy maximum capacity, inter alia,
numerous illnesses "have occurred" as evident by a number of "reoccurring
outbreaks" of rashes, parasitic scabies(s), and/or bacterial staph infec-
tion(s), chicken pox, colds, & the flu, inter alia; exposing prison offi-
cials, & their family to the same infections... SEE, the bottom of pg. 7,
at NOTICE, herein. See, Wright v. Smith, 21 F.3d 496 (2nd Cir. 1994).

60-- On Oct. 18,2016, unit 5811, was lockdown due to the outbreak
of chicken pox; as the overcrowded inmates sleeping quarters "air quali-
ty" is also being violated, especially during the winter months, because
the air ventilation "are completely off"; giving those 12 inmates per
cell, & those in the 2 man cell zero (0) cubic feet of outside air; as
said air ventilation "is useless" in the summer being that they blow out
warm air, making it difficult for some inmates to breathe "in violation"
of the ACA; § 4-4151 (REF. § 3-4144), & § 4-4152 (REF. § 3-4145).

61-- A/C, contends that 18 U.S.C. § 4042, requires that inmates be
provided suitable quarters, of which all of the Defendants, are in viola-

21

tion of that mandated requirement; to wit, that the cell measurements at
FTD, are 517 sq. ft., equivalent to 8 inmates per cell (517 SQ. FT. ÷ 60
SQ. FT. = 8.6). The 37 sq. ft., left over (8 INMATES X 60 SQ. FT = 480
SQ. FT.; 517 SQ. FT. - 480 SQ. FT. = 37) "is insufficient" for nine in-
mates, yet the cells are 50% overcrowded with 12 inmates, as these facts
are not including the violation(s) of each building's occupancy maximum
capacity that is also being violated, & ignored by all of the Defendants,
& other employees of the FBOP, who have failed to report these violations
to the proper authority, as mandated by P.S. 3420.11, making them all li-
able in their individual capacity.

62-- The Plaintiff, did suspect that there would be knowing manipu-
lation, & the falsification of information "to the public" in the EMS 36
forms "that were signed by" FTD, former Warden, J. HOLLINGSWORTH. As evi-
dent by the EMS 36 forms of Jan. 2015, & in combining units 5802, & 5803,
it is showing 48 (12 MAN CELLS) cells measuring 517 sq. ft., each with a
total of 24,816 sq. ft., "& a false" rated capacity of 432 inmates per
cell. The use of the additional square footage is manipulative, because
each 517 sq. ft., cell can only hold a rated capacity of 8 inmates per
cell, & thus, the total rated capacity is actually 48 inmates less at 384
(48 CELLS X 8 INMATES = 384).   SEE, Ex: C-27 - C-32, herewith.

63-- The claimed rated capacity of 432 inmates "is false" even when
using the total square footage of 24,816 divided by 60 equals 413.6. The
Plaintiff, in this matter point's out to this Court "due to his personal
knowledge at FTD", that the Defendants, are actually housing 12 inmates
per cell, totaling 576 inmates within 48 cells (48 CELLS X 12 INMATES PER

22

CELL = 576), **"of which is 192 inmates over the actual rated capacity
(576 - 384 = 192)"**. The housing units on the WSC, known as 5802, 03, 11,
& 12, **"are each"** at minimum 96 inmates over it's occupancy-housing-build-
ing-maximum-capacity, & 144 inmates over **"the falsely"** stated rated capa-
city using the total square footage in the EMS 36 forms of 24,816 (576 -
432 = 144).

NOTICE: These knowing violations are only, regarding the 12 man
cells, **"& are not"** including the violations, & prohibited acts concerning
some of the 2 man cells, in which prison officials at FTD, are unconsti-
tutionally housing 3 to 4 inmates per cell in violation of both P.S. 10-
60.11, & that of the ACA; creating a fire hazard at said prison. SEE, Ex:
C-27 - C-32, herewith; & title 5 U.S.C. §§ 701, & 702.

64-- In April of 2014, **"a death occurred at FTD"**, in the Plain-
tiff's, unit (5812, ON THE WSC) after a fight broke-out between two in-
mates (BRIAN LATULIPE, #14957-052) **"over a seating-space argument"** (CAUSE
BY THE OVERCROWDING OF INMATES IN EACH UNIT). See, 18 U.S.C. § 4042(a)(2);
& U.S. v. Hankerson, 496 F.3d at 309 (3rd Cir. 2007).

NOTICE: One of the greatest issues suffered by the Plaintiff, at
FTD, is the overcrowding, & prison officials giving inmates incident re-
ports for contraband, of which in many cases **"did not"** belong to said in-
mate's as was done to the Plaintiff.

e.g., On Aug. 20,2017, inmate DOUGLAS CROSS, #50101-056 (D/C), was
given a incident report for possession of a hazardous tool, of which D/C,
was found guilty on Sept. 26,2017, during his DHO hearing before Defen-
dant, A. BOYCE. On Feb. 1,2018, **"the NERO, expunged"** D/C's, disciplinary

record for his allegedly committed prohibited act at FTD, "in his 12 man cell", of which in that situation D/C, "was also denied his witnesses". SEE, Ex: C-33 - C-36, herewith.

65-- The irreparable serious harm, & injuries surrounds the depri- vations of the Plaintiff's, 1st, 4th, 5th, 6th, 8th, 9th, 10th, 13th, & 14th Amendment Rights, inter alia, when the cumulative impact of the con- ditions of his confinement "is threaten" by the physical, mental, emo- tional, & well being of his person, inter alia, of which this Court should conclude that the falsifying of any incident report(s) against any inmate(s) is wrong, prohibited, an act of official misconduct, & abuse of process, inter alia; as the named Defendants, herein, & many other known, & unknown federal government officials were aiding, & abetting one an- other in violation of numerous inmates Civil, & Constitutional Rights.

66-- The Plaintiff, contends that a filing of a habeas corpus 28 § 2241, "on, or about Dec. 15,2016", at the Camden, New Jersey, U.S. Dis- trict Court (UNDER DOCKET #16-9553(JBS)) "that he (A/C) filed for another inmate at FTD", apart from his personal filings of his administrative re- medies, inter alia, at FTD, "were at all times" protected by the U.S. Constitution, inter alia, of which this was one of several issues that lead to the "set-up, & write-up" of the May 18,2017, incident report; a retaliatory act that caused damages, & the malicious injuries, inter alia, to the Plaintiff. SEE, Pgs. 5, & 6, at ¶ 19 - ¶ 25, herein; Haines v. Kerner, supra; & Estello v. Gamble, supra.

67-- Apart from all of the above facts herein, the Plaintiff, & every inmate at FTD, may be potentially suffering from a permanently in-

testinal disease, inter alia, of which is perhaps uncureable at this time due to the amount of years that the Plaintiff (INCLUDING THOUSANDS OF OTHER INMATES AT FTD), "was exposed, & has been unknowingly drinking said comtaminated fountain water" containing high levels of lead, & coliform bacteria, & only GOD, & those testing said inmates drinking water knows what else said contaminated inmates drinking water has in it; as these facts also constitute gross negligence, & deliberate indifference, inter alia, against all of the Defendants, in this matter due to there attempts to conceal, & cover-up these facts... SEE, Ex: C-37, herewith.

NOTICE: Keeping mindful that the same "contaminated inmates drink-ing water" is also being used by prison officials at FTD, to cook the Plaintiff's, food-meals; therefore, contaminating all of the inmates food-meals.

68-- The Plaintiff, in this "Bivens Cause of Action, & Affida-vit..", attest, asserts, & contends that all of the issues argued herein are all related to the move from the WSC, on March 15,2017, to the May 18,2017, incident report that was given to the Plaintiff, on the ESC, in which lead to this matter now before this Court. SEE, Pg. 23, at NOTICE, herein.

COUNT ONE

69-- At all relevant times herein, & from March 15,2017, in Burling-ton County, in the District of New Jersey, & elsewhere, Defendants, D. ORTIZ, MARK INCH, & M. D. CARVAJAL, & other known, & unknown individuals, including a minimum of one federal government agency, and/or office did knowingly, intentionally, & willingly act under color of federal law, & in their individual personal capacity to commit unlawful, & prohibited

25

acts, recklessness, & actual malice, inter alia, against Plaintiff, A/C. Moreover, these Defendants, knowingly, & etc., failed to do the following:

A-- These Defendants, failed to adequately advise, train, supervise, & manage prison officials at FTD;

B-- These Defendants, failed to investigate the Plaintiff's, verble, & filed complaint(s) against prison officials at FTD;

C-- These Defendants, failed to be concerned about the Plaintiff's (& OTHER INMATES), health, & safety risks at FTD;

D-- These Defendants, failed to abide by the laws of the Sovereign STATE OF NEW JERSEY, & that of the UNITED STATES;

E-- These Defendants, deprived Plaintiff, A/C, of his Civil, & Constitutional Rights during his time at FTD; &

F-- These Defendants failed **"to protect"** Plaintiff, A/C, from serious wanton, & willful misconduct, inter alia, that was implemented by prison officials at FTD, inter alia.

70-- This Bivens Cause of Action, & Affidavit.., **"is containing"** prima facie evidence, & presumptions (**"INCLUDING WITNESSES"**) showing a pattern of events that lead to prison officials at FTD, **"planting, or knowing that contraband"** was in the Plaintiff's, assigned cell **"prior to"** having him moved from the WSC, to the ESC, on March 15,2017, of which said move was authorized by Defendant, D. ORTIZ, & other unknown prison officials at FTD.

26

71-- Plaintiff, A/C, realleges, & incorporates by reference to his paragraphs 1 through 68, as set forth herein; to wit, that Defendants, <u>D. ORTIZ</u>, <u>MARK INCH</u>, & <u>M.D. CARVAJAL</u>, "are each" being sued for a total of five (5) million UNITED STATES dollars under color of federal law, & in their individual personal capacity.

COUNT TWO

72-- At all relevant times herein, & from <u>March 15,2017</u>, until present in Burlington County, in the District of New Jersey, & elsewhere, Defendants, <u>D. ORTIZ</u>,  . BRINSON, <u>J. DIXON</u>, <u>K. SMITH</u>, <u>JANE DOE</u>, 1, 2, & 3, <u>JOHN DOE</u>, 1, 2, & 3, <u>A. BOYCE</u>, <u>MARK INCH</u>, <u>M.D. CARVAJAL</u>, & other known, & unknown individuals, including a minimum of one federal government agency, and/or office did knowingly, intentionally, & willingly act under color of federal law, & in their individual personal capacity "by aiding, & abetting one another" to commit affirmative, gross, official, serious wanton, & willful misconduct, & actual malice, inter alia, against Plaintill, A/C. Moreover, these Defendants, knowingly, & etc., caused directly, & indirectly the following:

A-- Caused Plaintiff, A/C, his deprivation of his Civil, & Constitutional Rights during his time at FTD;

B-- These Defendants, violated the laws of the Sovereign STATE OF NEW JERSEY, & that of the UNITED STATES; &

C-- These Defendants, violated the policies that have been structure for employees of the corporate FBOP.

73-- Plaintiff, A/C, realleges, & incorporates by reference to his paragraphs 19 through 58, at pgs. 5 - 19, as set forth herein; to wit,

that Defendants, D. ORTIZ, _. BRINSON, J. DIXON, K. SMITH, JANE DOE, 1, 2, & 3, JOHN DOE, 1, 2, & 3, A. BOYCE, MARK INCH, & M.D. CARVAJAL, "are each" being sued for a total of five (5) million UNITED STATES dollars under color of federal law, & in their individual capacity.

<u>COUNT THREE</u>

74-- At all relevant times herein, & from <u>March 15,2017</u>, until present in Burlington County, in the District of New Jersey, & elsewhere, Defendants, D. ORTIZ, _. BRINSON, J. DIXON, K. SMITH, JANE DOE, 1, 2, & 3, JOHN DOE, 1, 2, & 3, A. BOYCE, MARK INCH, M. D. CARVAJAL, & other known, & unknown individuals, including a minimum of one federal government agency, and/or office did knowingly, intentionally, & willingly act under color of federal law, & in their individual personal capacity to commit health, & safety risks, inter alia, against Plaintiff, A/C. Moreover, these Defendants, knew, or should have known the following:

A-- These Defendants, knew, or should have known that Plaintiff, A/C's, health, & safety was at risk, because of the overcrowding of a minimum of 96 inmates in nearly all of the inmates housing units, creating a fire hazard, & violations of the building occupancy maximum capacity;

B-- These Defendants, knew, or should have known that the placement of Plaintiff, A/C, in a 12 man cell (SLEEPING QUARTER) on the ESC, at FTD, created a health, & safety risk, & violated his 60 sq. ft., per inmate(s);

C-- These Defendants, knew, or should have known that Plaintiff, A/C (INCLUDING ALL OF THE OTHER INMATES AT FTD), was being provided con-

28

taminated fountain water, in which contained high levels of lead, & coli-
form bacteria;

D-- These Defendants, knew, or should have known that Plaintiff,
A/C (INCLUDING ALL OF THE OTHER INMATES AT FTD), was being feed contamina-
ted food, due to prison officials using said contaminated water in prepar-
ing A/C's, food; &

E-- These Defendants, knew, or should have known that Plaintiff,
A/C ("& THE PUBLIC"), was given several EMS 36 forms, "in which contained
**false statements, inter alia".**

75-- Plaintiff, A/C, realleges, & incorporates by reference to his
paragraphs 59 through 68, at pgs. 19 - 25, herein; to wit, that all of
the Defendants, **"are each"** being sued for a total of five (5) million
UNITED STATES dollars under color of law, & in their individual personal
capacity.

## COUNT FOUR

76-- At all relevant times herein, & from March 15, 2017, in Burling-
ton County, in the District of New Jersey, Defendants, D. ORTIZ, _. BRIN-
SON, J. DIXON, JANE DOE, 1, 2, & 3, & JOHN DOE, 1, 2, & 3, including a
minimum of one federal government agency, and/or office did knowingly, in-
tentionally, & willingly act under color of federal law, & in their in-
dividual personal capacity to commit affirmative, gross, official, seri-
ous wanton, & willful misconduct, & actual malice, inter alia, against
Plaintiff, A/C. Moreover, these Defendants, planted, or knew the follow-
ing:

A-- These Defendants, planted, or knew **"prior to"** moving, & assign-

29

ing Plaintiff, A/C, to the ESC, on <u>March 15,2017</u>, that contraband was in his assigned cell; &

B-- These Defendants, knew that the request for an investigation through S.I.A, or the FBOP internal affairs unit, and/or the inspector general's office **"would have"** exposed misconduct, inter alia, against a minimum of one prison official at FTD, showing who orchestrated the planting of contraband against Plaintiff, A/C.

77-- Plaintiff, A/C, realleges, & incorporates by reference to his paragraphs 19 through 34, at pgs. 5 - 10, as set forth herein; to wit, that Defendants, <u>D. ORTIZ</u>, <u>. BRINSON</u>, <u>J. DIXON</u>, <u>JANE DOE</u>, 1, 2, & 3, <u>JOHN DOE</u>, 1, 2, & 3, **"are each"** being sued for a total of five (5) million UNITED STATES dollars under color of federal law, & in their individual personal capacity.

<u>COUNT FIVE</u>

78-- At all relevant times herein, & from <u>March 15,2017</u>, in Burlington County, in the District of New Jersey, Defendants, <u>D. ORTIZ</u>, <u>. BRINSON</u>, <u>J. DIXON</u>, <u>A. BOYCE</u>, & other known, & unknown individuals did knowingly, intentionally, & willingly act under color of federal law, & in their personal capacity to commit unlawful, & prohibited acts, inter alia, against Plaintiff, A/C. Moreover, these Defendants, knew, or should have known the following:

A-- These Defendants, knew, or should have known that Plaintiff, A/C, had a right to have his witness present during his DHO hearing, of which said witness was purposely denied; &

B-- These Defendants, communicated with one another to influence

the outcome in a negative way of the fabricated incident report against Plaintiff, A/C, by said Defendants, of which the DHO officer (A. BOYCE) requested that an Amended incident report be re-written in order for him to proceed with said "planted evidence" mentioned in the incident report.

79-- Plaintiff, A/C, realleges, & incorporates by reference to his paragraphs 22 through 30, at pgs. 5 - 8, as set forth herein; to wit, that Defendants, D. ORTIZ,  . BRINSON, J. DIXON, & A. BOYCE, "are each" being sued for a total of five (5) million UNITED STATES dollars under color of federal law, & in their individual personal capacity.

## COUNT SIX

80-- At all relevant times herein, & on June 27,2017, in Burlington County, in the District of New Jersey, Defendants, D. ORTIZ,  . BRINSON, J. DIXON, MARK INCH, M.D. CARVAJAL, & other known, & unknown individuals, including a minimum of one federal government agency, and/or office did knowingly, intentionally, & willingly act under color of federal law, & in their individual personal capacity to commit unlawful, & prohibited acts, inter alia, against Plaintiff, A/C. Moreover, these Defendants, knew, or should have known the following:

A-- These Defendants, knew, or should have known that the confiscation, search, & seizure of Plaintiff, A/C's, box of legal material, reading material, & a minimum of one book was unlawfully seized "without" a search warrant, "in violation" of A/C's, 4th Amendment Rights, pursuant to the U.S. Constitution, "& in violation" of the Constitution of the STATE OF NEW JERSEY.

31

81-- Plaintiff, A/C, realleges, & incorporates by reference to his paragraph 35, at pg. 10, as set forth herein; to wit, that Defendants, D. ORTIZ, . BRINSON, J. DIXON, MARK INCH, & M.D. CARVAJAL, "are each" being sued for a total of five (5) million UNITED STATES dollars under color of federal law, & in their individual personal capacity.

## COUNT SEVEN

82-- At all relevant times herein, & from July 20,2017, in Burlington County, in the District of New Jersey, & elsewhere, Defendants, D. ORTIZ, . BRINSON, J. DIXON, K. SMITH, JANE DOE, 1, 2, & 3, JOHN DOE, 1, 2, & 3, MARK INCH, M. D. CARVAJAL, & other known, & unknown individuals, including a minimum of one federal government agency, and/or office did knowingly, intentionally, & willingly act under color of federal law, & in their individual personal capacity to commit affirmative, gross, official, serious wanton, & willful misconduct, actual malice, & false statements, inter alia, against Plaintiff, A/C.  Moreover, these Defendants, knew, or should have known the following:

A-- These Defendants, knew that they had an obligation under P.S. 3420.11, "to report" Plaintiff, A/C's, complaint(s) to the proper authority(s) for an investigation;

B-- These Defendants, knew, or should have known that their was false statements made in the 409 form that was mailed, or e-mailed, or fax to the designation, & sentence computation center in Texas;

C-- These Defendants, knew, or should have known that their were double jeopardy issues mentioned in the 409 form that was mailed, or e-mailed, or fax to the designation, & sentence computation center in Texas,

32

"in violation" of Plaintiff, A/C's, 5th Amendment Rights; &

D-- The Defendants, knew, or should have known that the manipula-
tion of Plaintiff, A/C's, male custody classification form went from four
(4) to fifteen (15) points, placing him back in a medium security level
facility for closer supervision, of which was an abuse of process, defa-
mation, & causing safety risks, inter alia, to A/C.

83-- Plaintiff, A/C, realleges, & incorporates by reference to his
paragraph 36, at pg. 11, as set forth herein; to wit, that Defendants,
D. ORTIZ,  . BRINSON, J. DIXON, K. SMITH, JANE DOE, 1, 2, & 3, JOHN DOE,
1, 2, & 3, MARK INCH, & M. D. CARVAJAL, "are each" being sued for a total
of five (5) million UNITED STATES dollars under color of federal law, &
in their individual personal capacity.

WHEREFORE, Plaintiff, A/C, has demended for a trial by jury for dam-
ages, inter alia, to be treble, & prays for judgment against each Defen-
dant, named in this Bivens, & Affidavit Cause of Action in the amount of
five (5) million UNITED STATES dollars; apart from this Court's filing
cost (& ANY, & ALL APPEAL(S) COST) typing ribbons, typing erasers, copies,
& regular, & certified mail mailing, including interest from the dates of
pain, suffering, damages, injuries, & etc., together with any other re-
lief as this Court may deem just, & proper in favor of Plaintiff, A/C.


                              Respectfully Requested, &
                              Submitted By:

                              33

DATED: May 29,2018

*Alberto Concepcion*
Pro Se Plaintiff,
ALBERTO CONCEPCION


SWORN TO BEFORE ME THIS _____

DAY OF MAY 2018.


C. Kirkendall (Exchanges. Authorized by the
(Name)                    (Title)
Act of July 7, 1955, as amended, to administer oaths.
(1B USC 4004).


c.c. File; & Cert. Mail to the
     above District Court #7008-
     3230-0002-7202-8789.

BP-A0288
JAN 17

**INCIDENT REPORT**

**U.S. DEPARTMENT OF JUSTICE**                                        **FEDERAL BUREAU OF PRISONS**

**Part I – Incident Report**

| | | | |
|---|---|---|---|
| 1. Institution: FCI Fort Dix | | Incident Report Number: | |
| 2. Inmate's Name: Concepcion, Alberto | 3. Register Number: 22853-050 | 4. Date of Incident: 5-18-2017 | 5. Time:5:22PM |
| 6. Place of Incident: Unit 5752 Room 307 | 7. Assignment: East Yard AM | | 8. Unit: 5752 "F" |
| 9. Incident: Possession, manufacturing, introduction of a weapon<br>      Possession, manufacturing, introduction of a cell phone | | 10. Prohibited Act Code (s):104, 108 | |

11. Description of Incident (Date:05-18-2017_____Time:5:22PM_____Staff became aware of incident):

On the above date and time I, Officer J. Harris was conducting a shakedown of Room 307 in Unit 5752. In the unsecured locker of 307-2L I located a wall locker safe on the bottom left corner of the locker. Next, I removed the magnetized metal plate to find the following contraband in pouches magnetized to the back of the locker. Inside the pouches I found 1 black Motorola cell phone, 1 BMW key fob cell phone, 1 3 inch Tac Force switch blade, 1 Sprint sims card, 5 cell phone batteries, 3 homemade cell phone batteries, 1 screw driver bit, and 4 USB cords. All contraband was confiscated and sent to the Lieutenant's Office. Operations Lieutenant notified.

| | |
|---|---|
| 12. Typed Name/Signature of Reporting Employee:<br>J. Harris | 13. Date And Time:<br>05-18-2017 8:40PM |
| 14. Incident Report Delivered to Above Inmate By<br>(Type Name/Signature): | 15. Date Incident Report Delivered:<br>5-15-17 | 16. Time Incident Report Delivered:<br>6:5 pm |

**Part II – Committee Action**

17. Comments of Inmate to Committee Regarding Above Incident:

18. A. It is the finding of the committee that you:

    ☐ Committed the Prohibited Act as charged:

    ☐ Did not Commit a Prohibited Act.

    ☐ Committed Prohibited Act Code (s). _____

B. ☐   The Committee is referring the Charge(s) to the DHO for further Hearing

C. ☐   The Committee advised the inmate of its finding and of the right to file an appeal within 20 calendar days.

19. Committee Decision is Based on Specific Evidence as Follows:

20. Committee action and/or recommendation if referred to DHO (Contingent upon DHO finding inmate committed prohibited act):

21. Date and Time of Action:_____(The UDC Chairman=s signature certifies who sat on the UDC and that the completed report accurately reflects the UDC proceedings).

Chairman (Typed Name/Signature): _____    Member (Typed Name): _____    Member (Typed Name): _____

INSTRUCTIONS: All items outside of heavy rule are for staff use only. Begin entries with the number 1 and work up. Entries not completed will be voided by staff.

Distribute: Original-Central File Record; COPY-1-DHO: COPY-2-Inmate after UDC Action; COPY 3-Inmate within 24 hours of Part I Preparation

Ex: C-1

PDF            Prescribed by P5270            Replaces BP-A0288 of AUG 11

| **PART III - Investigation** | 22. Date and Time Investigation Began: | 5-15-17   6⁵¹pm |
|---|---|---|

23. Inmate Advised of Right To Remain Silent: You are advised of your right to remain silent at all stages of the discipline process. Your silence may be used to draw an adverse inference against you at any stage of the discipline process. Your silence alone may not be used to support a finding that you have committed a prohibited act.

The Inmate Was Advised of the Above Right By: Act's Lt R. Torres _____  At (Date/time): __May 19, 2017  6:51 PM___

24. Inmate statement and attitude:

5-23-17
7:35cn

Inmate Concepcion #22853-050 was advised of his rights and stated he understood them.
Inmate Concepcion #22853-050 received a copy of this Incident report.
Inmate Concepcion #22853-050 was read the contents of this report and gave the following statement:

Inmate stated:  "I just want to see the DHO."

Inmate Concepcion #22853-050 displayed a fair attitude during this investigation.

25. Other facts about the incident, statements of those persons present at scene, disposition of evidence, etc:
    The items were found in your room and you are supposed to check your living area every day to make sure there is nothing put in your area that doesn't belong there.

26. Investigators comments and conclusions:

Based upon this Incident report, section 11, Inmate Concepcion #22853-050, it is the conclusion of this investigator that you have been appropriately charged with violation code 104, 108:  Inmate(s) are not allowed possess cell phones cell phone batteries, a switch blade, and homemade batteries for cell phones. By having these items you have broken policy.

27. Action taken:

This incident report will be forwarded to UDC for further disposition. Inmate Concepcion #22853-050 is quartered in the special housing unit.

Date and Time Investigation Completed: __May 11, 2017 6:05 PM_____

Printed Name/Signature of Investigator: R. Torres / _____    Title: _Activities Lieutenant_____

Ex: C-2

Prescribed by P5270                    Replaces BP-A0288 of AUG 11



# FCI, Ft. Dix, New Jersey
## PHOTO SHEET

| Date: | Time of incident: | Location of incident: |
|---|---|---|
| May 18, 2017 | 5:22PM | 5752 Room 307 |

| Inmate Name: | Inmate Number: |
|---|---|
| Resto, Benjamin  (Concepcion, Alberto) | 16278-054   22853-050 (suspects) |

Photo Taken By: B. Lomonaco, Senior Officer Specialist

**Description:** The below contraband was recovered in room 307 2 man room by Officer J. Harris. This includes one (1) automatic switch blade knife. One (1) Motorola phone, One (1) BMW key FOB phone, One (1) sim card, and multiple battery packs.



Ex: C-3



Ex: C-4

BP-S293.052  **INMATE RIGHTS AT DISCIPLINE HEARING** CDFRM
MAY 94
**U.S. DEPARTMENT OF JUSTICE      FEDERAL BUREAU OF PRISONS**

Institution:

As an inmate charged with a violation of Bureau of Prisons rules or regulations referred to the Discipline Hearing Officer (DHO) for disposition, you have the following rights:

    1. The right to have a written copy of the charge(s) against you at least 24 hours prior to appearing before the Discipline Hearing Officer;

    2. The right to have a full-time member of the staff who is reasonably available to represent you before the Discipline Hearing Officer;

    3. The right to call witnesses (or present written statements of unavailable witnesses) and to present documentary evidence in your behalf, provided institutional safety would not be jeopardized;

    4. The right to present a statement or to remain silent. Your silence may be used to draw an adverse inference against you. However, your silence alone may not be used to support a finding that you committed a prohibited act;

    5. The right to be present throughout the discipline hearing except during a period of deliberation or when institutional safety would be jeopardized. If you elect not to appear before the DHO, you may still have witnesses and a staff representative appear on your behalf;

    6. The right to be advised of the DHO's decision, the facts supporting that decision, except where institutional safety would be jeopardized, and the DHO's disposition in writing; and,

    7. The right to appeal the decision of the DHO by means of the Administrative Remedy Procedure to the Regional Director within 20 calendar days of notice of the DHO's decision and disposition.

I hereby acknowledge that I have been advised of the above rights afforded me at a hearing before the Discipline Hearing Officer. I have further been advised that if I have previously received either a presumptive or effective parole date from the Parole Commission, a finding by the DHO that I committed the prohibited act(s) may result in a rescission or retardation by the Parole Commission of the presumptive or effective parole date.

**Signed: Concepcion, Alberto**    **Reg. No.: 09758-087**    **Date: 05-23-2017**
        Inmate Signature
Notice of rights given to inmate (Date/time): **05-23-2017**
by:   **J. Dixon, Correctional Counselor (5752)**
       Staff Printed Name/Signature
(This form may be replicated via WP)            Replaces BP-293(52) of JAN 88.

Ex: C-5

**INMATE RIGHTS AT DISCIPLINE HEARING** CDFRM
Aug 11
**U.S. DEPARTMENT OF JUSTICE       FEDERAL BUREAU OF PRISONS**

Institution:

As an inmate charged with a violation of Bureau of Prisons rules or regulations referred to the Discipline Hearing Officer (DHO) for disposition, you have the following rights:

1. The right to have a written copy of the charge(s) against you at least 24 hours prior to appearing before the Discipline Hearing Officer;

2. The right to have a full-time member of the staff who is reasonably available to represent you before the Discipline Hearing Officer;

3. The right to call witnesses (or present written statements of unavailable witnesses) and to present documentary evidence in your behalf, provided institutional safety would not be jeopardized;

4. The right to present a statement or to remain silent. Your silence may be used to draw an adverse inference against you. However, your silence alone may not be used to support a finding that you committed a prohibited act;

5. The right to be present throughout the discipline hearing except during a period of deliberation or when institutional safety would be jeopardized. If you elect not to appear before the DHO, you may still have witnesses and a staff representative appear on your behalf;

6. The right to be advised of the DHO's decision, the facts supporting that decision, except where institutional safety would be jeopardized, and the DHO's disposition in writing; and,

7. The right to appeal the decision of the DHO by means of the Administrative Remedy Procedure to the Regional Director within 20 calendar days of notice of the DHO's decision and disposition.

I hereby acknowledge that I have been advised of the above rights afforded me at a hearing before the Discipline Hearing Officer. I have further been advised that if I have previously received either a presumptive or effective parole date from the Parole Commission, a finding by the DHO that I committed the prohibited act(s) may result in a rescission or retardation by the Parole Commission of the presumptive or effective parole date.

Signed: Concepción, Alberto _____ Reg. No.: 09758-087 _____ Date: 05-23-2017
            Inmate Signature                                22853-050
Notice of rights given to inmate (Date/time): 05-23-2017  03 ℓ/m
by: J. Dixon, Correctional Counselor (5752)
            Staff Printed Name/Signature
(This form may be replicated via WP)                    Replaces BP-293(52) of JAN 88.

Ex. C-6

BP-A0307
AUG 11

US DEPARTMENT OF JUSTICE                    WAIVER OF APPEARANCE
FEDERAL BUREAU OF PRISON

                                                    FCI FORT DIX
                                                    INSTITUTION

I  Concepcion, Alberto   09758-087                        ,have been advised of my right t
appear
        Name/Register No.

before the_____UDC_____on 05-23-2017 .I do not wish to appear, and
              UDC,DHO,SRO              DATE

I hereby waive that right.

                                            _____
                                                    INMATE SIGNATURE

                                            __09758-087_____
                                                    REGISTER NO.

WITNESS: J. Dixon, Correctional Counselor _____ DATE: 05-23-2017_____
        STAFF MEMBER PRINTED NAME/SIGNATURE

I SAW INMATE  Concepcion, Alberto   09758-087              05-23-2017_____
              INMATE NAME /REGISTER NO.                    DATE/TIME

AT CELL  Z03-338LAD _____and advised the inmate of the right to appear

before the_____UDC_____on 05-23-2017 _the inmate declined
to appear at the hearing, and refused to sign a Waiver of Appearance.


                                _____
                                Staff member printed name/signature

                                _____
                                Second witness printed/signature


(This form may be replicated via WP)        Replaces BP-307(52) of JAN 98


Ex:C-7

BP-S294.052 NOTICE OF DISCIPLINE HEARING BEFORE THE (DHO) CDFRM
AUG 11
U.S. DEPARTMENT OF JUSTICE                                    FEDERAL BUREAU OF PRISONS

FCI FORT DIX
Institution
DATE:   05-23-2017

TO: **Concepcion, Alberto**                          Reg # 09758-087

ALLEGED VIOLATION(S):  Possessing a dangerous weapon & possessing a hazardous weapon

DATE OF OFFENSE:      05-22-2017                                  Cod No.:   104/108

You are being referred to the DHO for the above charge(s).

The hearing will be held on: NEXT AVAILABLE DOCKET        , at _____ (A.M./P.M.) at the following
location:

You are entitled to have a full-time staff member represent you at the hearing.  Please indicate below whether
you desire to have a staff representative, and if so, his or her name.

I (do) ____ (do not) __✓__ wish to have a staff representative.

If so, the staff representative's name is: _____

You will also have the right to call witnesses at the hearing and to present documentary evidence in your behalf;
provided, calling your witnesses will not jeopardize institutional safety.  Names of witnesses you wish to
call should be listed below.
Briefly state to what each proposed witness would be able to testify.

I (do) ____ (do not) __✓__ wish to have witnesses.

NAME:_____ , Can Testify to:_____

_____

NAME: _____ , Can Testify to: _____

_____

NAME: _____ , Can Testify to: _____

_____

The Discipline Hearing Officer will call those witnesses (Staff or Inmate) who are reasonably available, and
who are determined by the DHO to have information relevant to the charge(s).  Repetitive witnesses and repetitive
character references need not be called.  Unavailable witnesses may be asked to submit written statements.

If additional space is needed, use the reverse side of this form.  Date, sign, and return this form to the
DHO.

DATE:   05-23-2017  SIGNATURE: Concepcion, Alberto   09758-087

Notice of hearing before DHO given inmate 05-23-2017  by  J. Dixon, Correctional Counselor (5752)
                                            Date/Time              Staff Printed Name/Signature

(This form may be replicated via WP)                             Replaces BP-294(52) of JAN 96

EX: C-8



U.S. Department of Justice
Federal Bureau of Prisons
Federal Correctional Institution
P.O. Box 38
Joint Base MDL, New Jersey 08640

June 02, 2017

MEMORANDUM FOR DAVID E. ORTIZ, WARDEN

FROM:        B. Cone, Unit 3 Manager

SUBJECT:     Concepcion Reg No. 22853-050
             Incident Report No. 2989315

The unit team is requesting an extension for the above referenced
Unit Discipline Committee (UDC) final hearing.  The incident was
originally reported by staff on May 18, 2017, for violation of codes
104/Possession, manufacturing, introduction of a weapon and
108/Possession, manufacture, or introduction of a hazardous tool.
Ultimately, this incident report was processed for a disciplinary
hearing by the Disciplinary Hearing Officer (DHO). At the hearing
the DHO suspended the process and remanded the incident report back
to the reporting employee for clarification of facts presented.
On June 1, 2017, the reporting employee updated the report and a
copy was issued to the inmate and the disciplinary process was
reinitiated.  The UDC received the report from Correctional Services
on June 2, 2017.

Because of the seriousness of this incident, violation of codes 104
and 108, the unit team is requesting an extension of the time limit
in order for the final UDC hearing to be held.  The Warden's approval
is required for any extension beyond five working days from the date
when the incident was reported by staff.

Approved / Disapproved

_____
DAVID E. ORTIZ
Warden

Ex: C-9

BP-A0288
JAN 17

**INCIDENT REPORT**

**U.S. DEPARTMENT OF JUSTICE**                                                                                          **FEDERAL BUREAU OF PRISONS**

**Part I – Incident Report**

| | |
|---|---|
| 1. Institution: FCI Fort Dix | Incident Report Number: |

| 2. Inmate's Name: Concepcion, Alberto | 3. Register Number: 22853-050 | 4. Date of Incident: 5-18-2017 | 5. Time: 5:22PM |
|---|---|---|---|

| 6. Place of Incident: Unit 5752 Room 307 | 7. Assignment: East Yard AM | 8. Unit: 5752 "F" |
|---|---|---|

| 9. Incident: Possession, manufacturing, introduction of a weapon<br>Possession, manufacturing, introduction of a cell phone | 10. Prohibited Act Code (s):104, 108 |
|---|---|

11. Description of Incident (Date:05-18-2017_____Time:5:22PM_____Staff became aware of incident):

On the above date and time I, Officer J. Harris was conducting a shakedown of Room 307 in Unit 5752. In the unsecured locker of 307-2L I located a magnetized plate on the bottom left corner of the locker. I removed the magnetized metal plate and found contraband hidden in the back of the locker. Items found: 1 black Motorola cell phone, 1 BMW key fob cell phone, 1 3 inch Tac Force switch blade, 1 Sprint sims card, 5 cell phone batteries, 3 homemade cell phone batteries, 1 screw driver bit, and 4 USB cords.

Since this was a two man room and one locker was unsecured I am charging both inmates with these charges.

All contraband was confiscated and sent to the Lieutenant's Office. Operations Lieutenant notified

| 12. Typed Name/Signature of Reporting Employee:<br>J. Harris | 13. Date And Time-<br>6-1-2017 6:51PM |
|---|---|

| 14. Incident Report Delivered to Above Inmate By (Type Name/Signature): | 15. Date Incident Report Delivered:<br>6-1-17 | 16. Time Incident Report Delivered:<br>7:25 pm |
|---|---|---|

**Part II – Committee Action**

17. Comments of Inmate to Committee Regarding Above Incident:

18. A. It is the finding of the committee that you:
- ☐ Committed the Prohibited Act as charged.
- ☐ Did not Commit a Prohibited Act.
- ☐ Committed Prohibited Act Code (s). _____

B. ☐ The Committee is referring the Charge(s) to the DHO for further Hearing
C. ☐ The Committee advised the inmate of its finding and of the right to file an appeal within 20 calendar days.

19. Committee Decision is Based on Specific Evidence as Follows:

20. Committee action and/or recommendation if referred to DHO (Contingent upon DHO finding inmate committed prohibited act):

21. Date and Time of Action:_____(The UDC Chairman=s signature certifies who sat on the UDC and that the completed report accurately reflects the UDC proceedings).

| Chairman (Typed Name/Signature): | Member (Typed Name): | Member (Typed Name): |
|---|---|---|

INSTRUCTIONS: All items outside of heavy rule are for staff use only. Begin entries with the number 1 and work up. Entries not completed will be voided by staff.

Distribute: Original-Central File Record; COPY-1-DHO: COPY-2-Inmate after UDC Action; COPY 3-Inmate within 24 hours of Part I Preparation



Ex: C-10

PDF                                              Prescribed by P5270                          Replaces BP-A0288 of AUG 11

| PART III - Investigation | 22. Date and Time Investigation Began: 6-4-7  6 28 pm |
|---|---|

23. Inmate Advised of Right To Remain Silent: You are advised of your right to remain silent at all stages of the discipline process.  Your silence may be used to draw an adverse inference against you at any stage of the discipline process.  Your silence alone may not be used to support a finding that you have committed a prohibited act.

The Inmate Was Advised of the Above Right By: Act's Lt R. Torres _____    At (Date/time):  June 1, 2017 6:28PM _____

24. Inmate statement and attitude:

Inmate Concepcion #22853-050 was advised of his rights and stated he understood them.
Inmate Concepcion #22853-050 received a copy of this Incident report.
Inmate Concepcion #22853-050 was read the contents of this report and gave the following statement:

Inmate stated:  "I just want to see the DHO and SIA."

Inmate Concepcion #22853-050 displayed a fair attitude during this investigation.

25. Other facts about the incident, statements of those persons present at scene, disposition of evidence, etc:
The items were found in your room and you are supposed to check your living area every day to make sure there is nothing put in your area that doesn't belong there.

26. Investigators comments and conclusions:

Based upon this Incident report, section 11, Inmate Concepcion #22853-050, it is the conclusion of this investigator that you have been appropriately charged with violation code 104, 108:  Inmate(s) are not allowed to possess cell phones, cell phone batteries, switch blade, and homemade batteries for cell phones. By having these items you have broken policy. Since it was a 2 man room and the locker was unsecured you and your cell mate are being charged.

27. Action taken:

This incident report will be forwarded to UDC for further disposition. Inmate Concepcion #22853-050 will be placed in the special housing unit.

Date and Time Investigation Completed:  June 1, 2017 6:30 PM _____

Printed Name/Signature of Investigator: R. Torres / _____    Title: Activities Lieutenant _____

Ex: C-11

BP-S293.052  **INMATE RIGHTS AT DISCIPLINE HEARING**  CDFRM

MAY 94
U.S. DEPARTMENT OF JUSTICE                    FEDERAL BUREAU OF PRISONS

Institution: FCI Fort Dix, New Jersey

As an inmate charged with a violation of Bureau of Prisons rules or regulations referred to the Discipline Hearing Officer (DHO) for disposition, you have the following rights:

1. The right to have a written copy of the charge(s) against you at least 24 hours prior to appearing before the Discipline Hearing Officer;

2. The right to have a full-time member of the staff who is reasonably available to represent you before the Discipline Hearing Officer;

3. The right to call witnesses (or present written statements of unavailable witnesses) and to present documentary evidence in your behalf, provided institutional safety would not be jeopardized;

4. The right to present a statement or to remain silent. Your silence may be used to draw an adverse inference against you. However, your silence alone may not be used to support a finding that you committed a prohibited act;

5. The right to be present throughout the discipline hearing except during a period of deliberation or when institutional safety would be jeopardized. If you elect not to appear before the DHO, you may still have witnesses and a staff representative appear on your behalf;

6. The right to be advised of the DHO's decision, the facts supporting that decision, except where institutional safety would be jeopardized, and the DHO's disposition in writing; and,

7. The right to appeal the decision of the DHO by means of the Administrative Remedy Procedure to the Regional Director within 20 calendar days of notice of the DHO's decision and disposition.

I hereby acknowledge that I have been advised of the above rights afforded me at a hearing before the Discipline Hearing Officer. I have further been advised that if I have previously received either a presumptive or effective parole date from the Parole Commission, a finding by the DHO that I committed the prohibited act(s) may result in a rescission or retardation by the Parole Commission of the presumptive or effective parole date.

Inmate Name: _Concepcion_  Reg. No.: _22853-050_ Date: _6/7/17_

Inmate Signature: _A. Concepcion, Without Prejudice UAC, 1-207/308_

Notice of rights given to inmate (Date/time): _____

By: GONZALEZ, J. / _____
                Staff Printed Name/Signature

(This form may be replicated via WP)                    Replaces BP-S293(52) of JAN 88.

Ex: C-12

1

BP-S294.052   **NOTICE OF DISCIPLINE HEARING BEFORE THE (DHO)**   CDFRM
MAY 94
**U.S. DEPARTMENT OF JUSTICE**                           **FEDERAL BUREAU OF PRISONS**

---

FCI FORT DIX, NEW JERSEY
_____
Institution

| | | Date |
|---|---|---|

TO: _Concepcion_                     Reg. No.: _22853·050_

ALLEGED VIOLATION(S): _Possession of a weapon—_
_Possession of a hazardous Tool_

DATE OF OFFENSE: _5-18-17_           Code No.: _104 / 107_

You are being referred to the DHO for the above charge(s).

The hearing will be held on:   NEXT AVAILABLE   (A.M./P.M.) at the following location:   FCI FORT DIX
                               DOCKET

---

You are entitled to have a full-time staff member represent you at the hearing.   Please indicate below whether you desire to have a staff representative, and if so, his or her name.

I (do) _____ (do not) _DLC_ wish to have a staff representative.

If so, the staff representative's name is: _____

You will also have the right to call witnesses at the hearing and to present documentary evidence in your behalf; provided, calling your witnesses will not jeopardize institutional safety.  Names of witnesses you wish to call should be listed below.  Briefly state to what each proposed witness would be able to testify.

I (do) _DLC_ (do not) _____ wish to have witnesses.

NAME: _Colon, Jose #06267-050_ Can Testify to: _Inmate witness cannot testify to violation or provide any pertinent information regarding incident (Inmate Colon is his Shu cellmate)_

NAME: _____ Can Testify to: _____

NAME: _____ Can Testify to: _____

---

The Discipline Hearing Officer will call those witnesses (Staff or Inmate) who are reasonably available, and who are determined by the DHO to have information relevant to the charge(s).  Repetitive witnesses and repetitive character references need not be called.  Unavailable witnesses may be asked to submit written statements.

If additional space is needed, use the reverse side of this form.  Date, sign, and return this form to the DHO.

DATE: _6 7 17_   SIGNATURE: X _____

Notice of hearing before DHO given to inmate _6/7/17 1200_ by _____
                                              Date/Time            Staff Printed Name/Signature

(This form may be replicated via WP)                         Replaces BP-294(52) of JAN 88

# Ex: C-13

OPI: LEGAL DEPARTMENT
Number: FTD 1330.16
Date: October 1, 2010
Attachment: 1

FCI FORT DIX, NEW JERSEY
INFORMAL RESOLUTION FORM (BP-8)

You are advised that prior to receiving and filing a Request for
Administrative Remedy Form BP-229 (old BP-9), you MUST ordinarily
attempt to informally resolve your complaint through your Correctional
Counselor.  Briefly state ONE complaint below and list what efforts
you have made to resolve your complaint informally and state names of
staff contacted.

Date form issued and initials of Correctional Counselor: J. Dita _6-19-17_

INMATE NAME      ALBERTO CONCEPCION
REGISTER NO.     22853-050
BLDG.            SHU 238

Date the incident complained of occurred: _June 19, 2017_

Complaint and relief requested: _____

SEE ATTACHMENT

CORRECTIONAL COUNSELOR:

Date BP-8 returned to Correctional Counselor: _J. Diton  7-16-17_

Efforts made to informally resolve and staff contacted: _____

_See attw_

Date response given to inmate: _7-17-17_  _____
                                          Counselor    (sign)

Date BP-229 (13) Issued: _7-17-17_  _____
                                     Unit Manager (sign)

If complaint is NOT informally resolved: forward original attached to
BP-229(13) form to the Legal Assistant.

Ex: C-14

On June 7, 2017, counselor J. GONZALEZ, advised CONCEPCION, of his inmate rights at discipline hearing; however, GONZALEZ, knowingly, intentionally, & willingly violated CONCEPCION's, Constitutional, & DHO hearing rights when he failed to place "CONCEPCION's, witness" BENJAMIN RESTO, #16278-054, as his witness; as GONZALEZ, also misinformed CONCEPCION, of his alleged violated-prohibited act codes "prior" to his June 22, 2017, DHO hearing.

REMEDY: That J. GONZALEZ, be punished for knowingly, intentionally, & willingness to violate CONCEPCION's, Constitutional Rights, & his DHO hearing Rights, "inter alia, in accordance with P.S. 3420.11.

c.c.   File; CONCEPCION's, Attorney; & the FBOP Central Office Internal Affairs Unit.

Ex: C - 15           Respectfully Requested, &
                     Submitted By:

DATED: June 24, 2017     _Alberto Concepcion_
                         Without Prejudice U.C.C. 1-
                         207/308

RECEIVED BY:

PRINT NAME                     SIGNATURE

Inmate Name:   Concepcion, Alberto
Register Number: 22853-050
Unit: 5752


This is in response to your request for administrative remedy received
in this office on 07-16-2017.  You request administrative relief
because you are stating counselor Gonzalez failed to place Inmate
Resto #16278-054 as your witness.

A review of this matter revealed, an incident report was written
on both you and inmate Resto #16278-054 for code 104 possessing a
dangerous weapon and code 108 possessing a hazardous tool. Since
you were both occupants of the two man room were the contraband was
found. Therefore inmate Resto could not be a witness since he was
already a subject to the same incident report as you.


Based on the above information, your claim was addressed. If you
are not satisfied, you can file further through the Administrative
Remedy Procedure process.


___7-17-17___
Date

_____ Dixon, Correctional Counselor


Ex: C-16

```
   FTDLZ  606.00 *        MALE CUSTODY CLASSIFICATION FORM        *      07-25-2016
PAGE 001 OF 001                                                          15:46:12
                              (A) IDENTIFYING DATA
                                    FORM DATE: 07-18-2016              ORG: FTD
  REG NO..: 22853-050
  NAME....: CONCEPCION, ALBERTO
                                         MGTV: NONE
                                         MVED:
  PUB SFTY: NONE
                              (B) BASE SCORING
  DETAINER: (0) NONE              SEVERITY.......: (3) MODERATE
  MOS REL.: 47                    CRIM HIST SCORE: (02) 2 POINTS
  ESCAPES.: (0) NONE              VIOLENCE.......: (0) NONE
  VOL SURR: (0) N/A               AGE CATEGORY...: (2) 36 THROUGH 54
  EDUC LEV: (2) NO VERFD HS/ NO GED DRUG/ALC ABUSE.: (0) NEVER/>5 YEARS
                              (C) CUSTODY SCORING
  TIME SERVED.....: (5) 76-90%    PROG PARTICIPAT: (2) GOOD
  LIVING SKILLS...: (2) GOOD      TYPE DISCIP RPT: (5) NONE
  FREQ DISCIP RPT.: (3) NONE      FAMILY/COMMUN..: (4) GOOD


              --- LEVEL AND CUSTODY SUMMARY ---

  BASE CUST VARIANCE  SEC TOTAL  SCORED LEV MGMT SEC LEVEL  CUSTODY  CONSIDER
  +9   +21    -5       +4        MINIMUM      N/A             IN     DECREASE


  G5149      INMATE/DESIG FACL LEVEL MISMATCHED, HAVE DSCC ADD A MGTV
  G0005      TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```

Ex: C-17

```
   ALMIA   606.00  *      MALE CUSTODY CLASSIFICATION FORM      *    10-02-2017
PAGE 001 OF 001                                                     14:41:59
                              (A) IDENTIFYING DATA
                                 FORM DATE: 08-07-2017        ORG: DSC
REG NO..: 22853-050
NAME....: CONCEPCION, ALBERTO
                                        MGTV: GRTR SECU
                                        MVED: 03-31-2019
PUB SFTY: GRT SVRTY
                              (B) BASE SCORING
                                     SEVERITY.......: (7) GREATEST
DETAINER: (0) NONE            CRIM HIST SCORE: (02) 2 POINTS
MOS REL.: 36                      VIOLENCE.......: (0) NONE
ESCAPES.: (0) NONE            AGE CATEGORY...: (2) 36 THROUGH 54
VOL SURR: (0) N/A             DRUG/ALC ABUSE.: (0) NEVER/>5 YEARS
EDUC LEV: (2) NO VERFD HS/ NO GED
                              (C) CUSTODY SCORING
TIME SERVED.....: (4) 26-75%      PROG PARTICIPAT: (0) POOR
LIVING SKILLS...: (0) POOR        TYPE DISCIP RPT: (0) GREATEST
FREQ DISCIP RPT.: (2) 1           FAMILY/COMMUN..: (4) GOOD

                   --- LEVEL AND CUSTODY SUMMARY ---

BASE CUST VARIANCE  SEC TOTAL  SCORED LEV MGMT SEC LEVEL  CUSTODY  CONSIDER
+13  +10    +2        +15      LOW         HIGH              IN     INCREASE


G0005       TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```

Ex: C-18

U.S. DEPARTMENT OF JUSTICE

FEDERAL BUREAU OF PRISONS

| From: (Warden/Superintendent) | Facility | Date |
|---|---|---|
| David E. Ortiz, Warden | FCI Fort Dix, NJ 08640 | July 20, 2017 |

| Inmate's Name | Register No. |
|---|---|
| Concepcion, Alberto | 22853-050 |

To: (Designations and Sentence Computation Center Administrator)

DSCC Administrator

__X__ Transfer to: Any Medium Level Security Facility (307/Greater Security) (323/Closer Supervision)

__X__ Apply Management Variable(s)  Greater Security, Code V, (01-20-2019)

_____Update Management Variable Expiration Date _____

1. Inmate's Medical Status:

Inmate Concepcion is a Care Level 1 Mental Health and Care Level 2 Medical Health inmate, assigned to regular duty with no noted medical restrictions.

2.  Institution Adjustment

Inmate Concepcion arrived at FCI Fort Dix on November 30, 2007, as an Lesser Security transfer.  He is currently serving a 275 month PLRA sentence for Conspiracy to Distribute Narcotics (Heroin).  He has a projected release date of August 13, 2020, via Good Conduct Time Release.  He received a felony assessment fee in the amount of $100.00, and fine in the amount of $10,000.00. He successfully completed payment of his fee and participates in payment of his fine through the Inmate Financial Responsibility Program with a $25.00 quarterly amount.  His remaining balance is $8,329.86.  He has no other court ordered financial obligations to fulfill.  On June 22, 2017, inmate Concepcion was found guilty by the Discipline Hearing Officer (DHO) of Possessing a Dangerous Weapon, Code 104, and Possessing a Hazardous Tool, Code 108.  Based on this behavior, his institutional adjustment is rated as poor.

3.  Rationale for Referral:

Inmate Concepcion is classified as a Low security level inmate with In custody.  He has informed the Unit Team he plans to reside in Baltimore, Maryland, upon release from custody.  On June 22, 2017, inmate Concepcion was found guilty by the DHO of Possessing a Dangerous Weapon, Code 104, and Possessing a Hazardous Tool, Code 108.  Specifically, he was involved in the use and introduction of a cellular telephone and knife to the compound, which undermines the Bureau of Prisons telephone monitoring program, and compromises the safety and security of the institution.  Additionally, on June 29, 2017, Inmate Investigative Report, FTD-17-0187, was received which concluded, based on the serious nature of the contraband recovered from inmate Concepcion, he is considered a serious threat to orderly running of this institution.  Based on the above, the Unit Team has determined inmate Concepcion inappropriate for placement at a Low security level facility, and therefore requests transfer to any Medium security level facility for Close Supervision and Greater Security purposes.  Inmate Concepcion is classified under the Central Inmate Monitoring System.

| 4a. Parole Hearing Scheduled:  Yes  No | b. If yes, when |
|---|---|
| N/A | |

5.  Note any past or present behavior and/or management/inmate concerns.

Inmate Concepcion has attempted to undermine and interfere with the orderly running of this institution via the use/possession of a cellular telephone and knife.

6.  BP337/BP338 Discrepancies.

The BP-337 lists Severity as Moderate.  According to Program Statement 5100.08, Security Designation and Custody Classification Manual, inmate Concepcion's Severity is classified as Greatest, as reflected on the BP-338.  Additionally, the BP-338 reflects the Public Safety Factor of Greatest Severity.  The BP-338 lists Violence as 5-10 years Serious.  Through the Administrative Remedy process, it was determined that inmate Concepcion's conviction for Death by Auto is not a violent crime offense.  Therefore, the BP-338 lists Violence as None.  The BP-338 lists a Low/Low Moderate detainer.  On September 21, 2001, inmate Concepcion's charge for Conspiracy to Distribute 8.5 Grams of Heroin was dismissed by the Essex County Superior Court, Newark, New Jersey. Therefore, the BP-337 reflects Detainer as None.  The BP-338 lists the Public Safety Factor of Sentence Length.  As inmate Concepcion has 37 months remaining to serve on his federal sentence, the Public Safety Factor of Sentence Length is no longer applicable and not reflected on the BP-338.  There are no other noted discrepancies between the BP-337 and BP-338.

Staff have checked the following SENTRY Programs to ensure that they are correct and current:
Inmate Profile                            CIM Clearance and Separatee Data
Inmate Load Data                          Custody Classification Form
Sentence Computation                      Chronological Disciplinary Record

| Prepared by: (Case Manager) | Unit Manager Signature |
|---|---|
| K. Smith, Case Manager | B. O'Cone, Unit Manager |

If the transfer is approved, a Progress Report will be completed prior to transfer.
*For Mariel Cuban Detainees – Staff have entered the CMA Assignment of ACRP RV DT@ to indicate the need for a Cuban Review Panel Hearing four months from his/her Roll-Over Date.

Ex: C-19

| Institution: FCI FT. DIX | Incident Report number: **2989315** | |
|---|---|---|
| NAME OF INMATE: **CONCEPCION, ALBERTO** | REG. NO.: **22853-050** | UNIT: (3) 5752 |
| Date of Incident Report: **06-01-2017** | Offense Code: **108, 104** | |

Date of Incident: **05-18-2017**

Summary of Charges:  Possession of a Hazardous Tool, Possessing a Dangerous Weapon

**I.     NOTICE OF CHARGE(S)**

A. Advanced written notice of charge (copy of Incident Report) was given to inmate on (date) __06-01-2017__ at (time) __7:39 p.m.__ (by staff member. __R. Torres__

B. The DHO Hearing was held on (date) __06-22-2017__ at (time) __09:27 a.m.__

C. The inmate was advised of the rights before the DHO by (staff member): __J. Gonzalez__ (date) __06-07-2017__ and copy of the advisement of rights form is attached.

**II.    STAFF REPRESENTATIVE**

A. Inmate waived right to staff representative. Yes __X__ No___.

B. Inmate requested staff representative and __N/A__.

C. Staff Representative statement: N/A

D. Requested staff representative declined or could not appear but inmate was advised of option to postpone hearing to obtain another staff representative with the result that: (New Staff Representative Name) __N/A__ was selected.

E. Staff representative __N/A__ was appointed.

**III.   PRESENTATION OF EVIDENCE**

A. Inmate _____ (admits) __X__ (denies) _____ (neither) the charge(s).

B. Summary of inmate statement:
Inmate CONCEPCION, ALBERTO register number 22853-050 stated he was ready to proceed.  He did not request a staff representative. He did not request a witness.  Inmate CONCEPCION stated he received his copy of the Incident Report. He stated that they re-wrote the shot and he was in the room for two months. He stated he did have a problem with staff back in 2008.

C. Witnesses:
1. Inmate waived right to witness. Yes__X__ No_____

2.. The following persons were called as witness at this hearing and appeared (Each witness name and statement listed below): N/A

3. The following persons requested were not called for the reason(s) given (Each witness name and statement listed below): N/A

4. Unavailable witnesses were requested to submit written statements and those statements received were considered (Each witness name and statement listed below). N/A

D. Documentary Evidence:
Black and white photos of cell phones, switch blade knife, earbuds, cellphone batteries.

E. Confidential information was used by DHO in support of his findings, but was not revealed to the inmate.  The confidential information was documented in a separate report.  The confidential information has been (confidential informants have been) determined to be reliable because: __N/A__.

**IV.    FINDINGS OF THE DHO**

__X__ A. The act was committed as charged.

_____ C. No prohibited act was committed: Expunge according to Inmate Discipline PS.

_____ B. The following act was committed:

__:__

**V.     SPECIFIC EVIDENCE RELIED ON TO SUPPORT FINDINGS (Physical evidence, observations, written documents, etc.):**
I find that on May 18, 2017, at approximately 5:22 p.m., at the Federal Correctional Institution, Fort Dix, New Jersey, you did commit the prohibited act of Code 108- Possession of a hazardous

*Ex:C-20*

# DISCIPLINE HEARING OFFICER REPORT

**U.S. DEPARTMENT OF JUSTICE**            **FEDERAL BUREAU PRISONS**

| Name of Inmate:  CONCEPCION, ALBERTO | Reg. No.: 22853-050 | Hearing Date:  06-22-2017 |
|---|---|---|

tool, and code 104- Possessing a Dangerous Weapon.

This decision is based on the evidence provided before me which is documented in the written report provided by the reporting employee.  The employee documented,

On the above date and time I, Officer J. Harris was conducting a shakedown of Room 307 in Unit 5752. In the unsecured locker of 307-2L I located a magnetized plate on the bottom left corner of the locker. I' removed the magnetized metal plate and found the contraband hidden in the back of the locker. Items found 1 black Motorola cell phone, 1 BMW key fob cell phone, 1 3inch Tac Force switch blade. 1 sprint sims card, 5 cell phone batteries, 3 homemade cell phone batteries, 1 screw driver bit, and 4 USB cords. Since this was a two man room and one locker was unsecured I am charging both inmates with these charges. All contraband was confiscated and sent to the Lieutenant's Office. Operations Lieutenant notified.

The DHO took into consideration your statements at the hearing, specifically; He stated that they re-wrote the shot and he was in the room for two months. He stated he did have a problem with staff back in 2008.

The staff did have authorization to proceed with the process after the incident report was re-written and you received an updated copy.

You do not deny that the room is assigned to you and the contraband was discovered in the room.

Based upon the evidence provided before me, your actions are consistent with Code 108- Possession of a hazardous tool, 104- Possessing a Dangerous Weapon.

| VI.    SANCTION OR ACTION TAKEN (List each prohibited act with respective sanctions for that act): |
|---|

**104**
    Disallowance of Good Conduct Time: 40 Days
    Loss of Commissary Privileges: 60 Days Starts 06-22-2017 Ends 08-20-2017

    **108**
    Disallowance of Good Conduct Time: 40 Days
    Loss of Phone Privileges: 60 Days Starts 6-22-2017 Ends 08-20-2017

| VII.    REASON FOR EACH SANCTION OR ACTION TAKEN: |
|---|

Having a switch blade knife, as documented in this incident report, demonstrates a disregard for the rules and regulations as established as well as clearly demonstrates a willingness and ability to inflict grievous bodily harm on other individuals with this item.

The action on the part of any inmate to possess, manufacture, or introduce a hazardous tool into any correctional institution threatens the safety and security, not only of the inmate involved, but that of the entire institution. In the recent past, inmates have used hazardous tools to affect escapes, and seriously injure other inmates and staff members. A cell phone fall under the classification of a hazardous tool, as they have been found to arrange rendezvous for escapes, and has been used to arrange contraband introductions, and further allows the inmate to make contact with individuals outside the institution, possibly for illicit or illegal activities, without the knowledge of staff.

Disallowance of Good Conduct Time, loss of Commissary, and Telephone privileges, are meant to demonstrate the seriousness of this offense to you as well as everyone incarcerated at this facility.

| VIII. APPEAL RIGHTS:    __X__    The inmate has been advised of the findings, specific evidence relied on |
|---|

action and reasons for the action.  The inmate has been advised of the right to appeal this action within 20 calendar days under the Administrative Remedy Procedure.  A copy of this report has been given to the inmate.

| IX.    Discipline Hearing Officer |
|---|

| Printed Name: A. Boyce | Signature: *ABoyce* | Date: July 12, 2017 |
|---|---|---|

Ex: C-21

**DISCIPLINE HEARING OFFICER REPORT**

**U.S. DEPARTMENT OF JUSTICE**                                    **FEDERAL BUREAU PRISONS**

| Name of Inmate: CONCEPCION, ALBERTO | Reg. No.: 22853-050 | Hearing Date: 06-22-2017 |
|---|---|---|

DHO report delivered to Inmate by: _A Boyce_
                                    Signature

_A. Boyce_                          _07-13-17    0930_
**Printed Name (Staff)**            **Date and Time:**

Prescribed by P5270                        Replaces BP-A0304 of AUG 11

Ex: C-22

3

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: JULY 21, 2017

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      NORTHEAST REGIONAL OFFICE

TO  : ALBERTO CONCEPCION, 22853-050
      FORT DIX FCI      UNT: UNIT 3     QTR: Z03-318UAD
      P.O. BOX 38
      JOINT BASE MDL,  NJ 08640


FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID       : 909669-R1       REGIONAL APPEAL
DATE RECEIVED   : JULY 20, 2017
SUBJECT 1       : DHO APPEAL - COMBINED (PROCEDURES, EVIDENCE & SANCTIONS)
SUBJECT 2       :
INCIDENT RPT NO: 2989315

REJECT REASON 1: YOU DID NOT SUBMIT A COMPLETE SET (4 CARBONIZED
                 SHEETS) OF THE REQUEST (BP-9) OR APPEAL
                 (BP-10  OR BP-11) FORM.  (CIRCLE ONE)

REJECT REASON 2: YOU MAY ONLY SUBMIT ONE CONTINUATION PAGE, EQUIV. OF ONE
                 LETTER-SIZE (8.5 X 11) PAPER.  TEXT ON ONE SIDE.  THE
                 TEXT MUST BE LEGIBLE.

REJECT REASON 3: YOU DID NOT SUBMIT PROPER NUMBER OF CONTINUATION PAGES
                 WITH YOUR REQUEST/APPEAL.  2 - WARDEN'S LEVEL; 3 -
                 REGIONAL LEVEL; AND 4 - CENTRAL OFFICE LEVEL.  THE
                 NUMBER CITED INCLUDES YOUR ORIGINAL.

REJECT REASON 4: YOU MAY RESUBMIT YOUR APPEAL IN PROPER FORM WITHIN
                 10 DAYS OF THE DATE OF THIS REJECTION NOTICE.

Ex:C-23

```
Sales Invoice  ---S.B.U.---
Fort Dix FCI
WEST                        TF17469
Account No. 22853050
CONCEPCION, ALBERTO
07/31/2017 01:15:34 PM TX#12484658    75
-----------------------------------------------
BEGINNING BALANCES:
Available Balance is $88.77
Spending Limit Balance is $21.40
Account Balance is $88.77
===============================================
                              Price
Qty   Description
===============================================
  1 STAMP BOOK                $9.80
  1 SUAVE D.C. SHAMPO         $1.85
  1 VITAMIN B AT              $3.25
  1 LEGAL PADS                $1.10

          Total              $16.00

  Charge 22853050    $16.00
-----------------------------------------------
Items marked with * are Local Use Only

ENDING BALANCES:
Available Balance is $72.77
Spending Limit Balance is $15.40
Account Balance is $72.77
-----------------------------------------------


  Signature-----------------------------------

  ALL SALES ARE FINAL !
```

Ex: C-24

TO: THE NORTHEAST REGIONAL OFFICE
    2nd, & Chestnut St., (7th Fl.)
    Philadelphia, Pa. 19106

FROM: ALBERTO CONCEPCION, #22853-050
      F.C.I Allenwood (MEDIUM)
      White Deer, Pa. 17887

RE: STATUS OF APPEAL FOR #909669-R2


        I, ALBERTO CONCEPCION, hereby request to know "why" I have not re-
ceived any response to my Appeal #909669-R2, regarding the DHO decision
on June 22,2017, at F.C.I Fort Dix for the incident report that I re-
ceived on May 18,2017 ?


                                Respectfully Requested, &
                                Submitted By:

DATED: Oct. 24,2017             _Alberto Concepcion_____
                                Pro Se Alberto Concepcion,
                                "on behalf of"
                                ALBERTO CONCEPCION

                                WITHOUT PREJUDICE U.C.C. 1-
                                207/308


                                        DATE RECEIVED
                                FEDERAL BUREAU OF PRISONS
                                    REGIONAL COUNSEL OFFICE

                                        OCT 30 2017

c.c. File: & Cert. Mail to the            NERO-PHILADELPHIA
     Northeast Regional Office
     #7009-0960-0000-9617-1175.


            Ex: C-25

**U.S. Department of Justice**
**Federal Bureau of Prisons**
*Northeast Regional Office*

---

*U.S. Custom House – 7th Floor*
*2nd and Chestnut Streets*
*Philadelphia, PA   19106*

November 3, 2017

Alberto Concepcion, Reg. NO. 22853-050
FCI Allenwood
PO Box 2000
White Deer, PA 17887

RE: Status request for Administrative Remedy no. 909669-R2

Dear Mr. Concepcion:

This is in response to your status request on the above
Administrative Remedy number.

Your appeal was received at the Northeast Regional Office on
August 10, 2017. It was rejected on August 11, 2017, because
it was untimely filed.

I trust this information is responsive to your request.

Sincerely,

Joyce M. Horikawa
Acting Regional Counsel

Ex: C-26

EMS-036.010
JAN 97

**RATED CAPACITY COMPUTATION**  CDFRM  SENTRY EMS

**U.S. DEPARTMENT OF JUSTICE**                              **FEDERAL BUREAU OF PRISONS**

| Institution<br>FCI FORT DIX   Ex: C-27 | Date<br>07/12/2013 |
|---|---|
| Sentry Reporting Unit<br>GEN POP (page 1 of 3) | Security Level<br>LOW |

Total Institution Capacity :  **3863**        (Sum of items 1 and 2)

Special Housing Capacity (-):  162 _____  (Item 1 Total, if any)

Rated Capacity            :  3701 _____  (Item 2 Less item 1)

1. Special Housing:  Administrative Detention/Disciplinary segregation and Hospital/Infirmary (Non-Medical Facilities)

| Unit Name | Housing Type (Room, Cell, etc) | Wet/Dry | Number | SqFt Each | Capacity |
|---|---|---|---|---|---|
| 5706 | SUICIDE ROOM | WET | 2 | 130 | 4 |
| 5806 | SUICIDE ROOM | WET | 1 | 90 | 1 |
| 5806 | ISOLATION ROOM | WET | 1 | 103 | 1 |
| 5845 | AD/DS SHU | WET | 74 | 80 | 148 |
| 5845 | H/C AD/DS | WET | 4 | 85 | 8 |

                                   Special Housing Capacity:      162

2. Permanent Housing:

| Unit Name | Housing Type (Room, Cell, etc) | Wet/Dry | Number | SqFt Each | Capacity |
|---|---|---|---|---|---|
| 5702, 5703 UNIT 1 | ROOM | DRY | 48 | 517 | 432 |
| UNIT 1 | ROOM | DRY | 60 | 165 | 180 |
| UNIT 1 | ROOM | DRY | 2 | 246 | 8 |
| UNIT 1 | ROOM | DRY | 8 | 124 | 16 |
| UNIT 1 | ROOM | DRY | 8 | 118 | 16 |
| **TOTAL** | | | | | 652 |
| 5711, 5741 UNIT 2 | ROOM | DRY | 48 | 517 | 432 |
| UNIT 2 | ROOM | DRY | 60 | 165 | 180 |
| UNIT 2 | ROOM | DRY | 2 | 246 | 8 |
| UNIT 2 | ROOM | DRY | 8 | 124 | 16 |
| UNIT 2 | ROOM | DRY | 8 | 118 | 16 |
| **TOTAL** | | | | | 652 |

EMS-036.010
JAN 97

**RATED CAPACITY COMPUTATION**   CDFRM   SENTRY EMS

**U.S. DEPARTMENT OF JUSTICE**                          **FEDERAL BUREAU OF PRISONS**

| Institution FCI FORT DIX   Ex: C-28 | Date 07/12/2013 |
|---|---|
| Sentry Reporting Unit GEN POP (page 2 of 3) | Security Level LOW |

**1. Special Housing:** N/A   Administrative Detention/Disciplinary segregation and Hospital/Infirmary (Non-Medical Facilities)

| Unit Name | Housing Type (Room, Cell, etc) | Wet/Dry | Number | SqFt Each | Capacity |
|---|---|---|---|---|---|
| | | | | | |

**2. Permanent Housing:**

| Unit Name | Housing Type (Room, Cell, etc) | Wet/Dry | Number | SqFt Each | Capacity |
|---|---|---|---|---|---|
| 5751, 5752 UNIT 3 | ROOM | DRY | 48 | 517 | 432 |
| UNIT 3 | ROOM | DRY | 60 | 165 | 180 |
| UNIT 3 | ROOM | DRY | 2 | 246 | 8 |
| UNIT 3 | ROOM | DRY | 8 | 124 | 16 |
| UNIT 3 | ROOM | DRY | 8 | 118 | 16 |
| TOTAL | | | | | 652 |
| 5802, 5803 UNIT 4 | ROOM | DRY | 48 | 517 | 432 |
| UNIT 4 | ROOM | DRY | 54 | 165 | 162 |
| UNIT 4 | ROOM | DRY | 3 | 246 | 12 |
| UNIT 4 | ROOM | DRY | 6 | 124 | 12 |
| UNIT 4 | ROOM | DRY | 1 | 1528 | 25 |
| UNIT 4 | ROOM | DRY | 6 | 118 | 12 |
| TOTAL | | | | | 655 |

EMS-036.010
JAN 97

**RATED CAPACITY COMPUTATION** CDFRM SENTRY EMS

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| Institution<br>FCI FORT DIX | Ex: C-29 | Date<br>07/12/2013 |
|---|---|---|
| Sentry Reporting Unit<br>GEN POP (page 3 of 3) | | Security Level<br>LOW |

Total Institution Capacity  :                          (Sum of items 1 and 2)

Special Housing Capacity (−): _____          (Item 1 Total, if any)

Rated Capacity        : _____          (Item 2 Less item 1)

1. Special         Administrative Detention/Disciplinary segregation and
Housing:  N/A      Hospital/Infirmary (Non-Medical Facilities)

| Unit Name | Housing Type<br>(Room, Cell, etc) | Wet/<br>Dry | Num<br>ber | SqFt<br>Each | Capacity |
|---|---|---|---|---|---|
| | | | | | |

. Permanent Housing:

| Unit Name | Housing Type<br>(Room, Cell, etc) | Wet/D<br>ry | Numb<br>er | SqFt<br>Each | Capacity |
|---|---|---|---|---|---|
| 5811, 5812<br>UNIT 5 | ROOM | DRY | 48 | 517 | 432 |
| UNIT 5 | ROOM | DRY | 60 | 165 | 180 |
| UNIT 5 | ROOM | DRY | 2 | 246 | 8 |
| UNIT 5 | ROOM | DRY | 8 | 124 | 16 |
| UNIT 5 | ROOM | DRY | 8 | 118 | 16 |
| **TOTAL** | | | | | **652** |
| 5841, 5851<br>UNIT 6 | ROOM | DRY | 33 | 517 | 297 |
| UNIT 6 | ROOM | DRY | 39 | 165 | 117 |
| UNIT 6 | ROOM | DRY | 1 | 246 | 4 |
| UNIT 6 | ROOM | DRY | 2 | 124 | 4 |
| UNIT 6 | ROOM | DRY | 0 | 118 | 16 |

Permanent
Housing
Rated Capacity                                              3701

Original - Regional Director ; Copy - Institution (for auditing purpose);

(This for may be replicated via WP)                                    Page 1

Please report any temporary housing, renovations or expansions of housing units under
items 3 and 4 below.  Enter none under Unit Name if there are none to report.

3. Temporary Housing:  These areas were not designed for/have not been permanently

converted to inmate bedspace and are not part of rated or
total institution capacity.

| Unit Name | Housing Type (TV Room,Gym,etc) | Wet/ Dry | Num ber | SqFt Each | Capacity |
|-----------|-------------------------------|----------|---------|-----------|----------|
|           |                               |          |         |           |          |

4.Renovation/Expansion (Future Rated Capacity):

| Unit Name | Housing Type (Room, Cell, etc) | Wet/ Dry | Num ber | SqFt Each | Projected Completion Date / Capacity |
|-----------|-------------------------------|----------|---------|-----------|--------------------------------------|
|           |                               |          |         |           |                                      |

Explanation for any changes to rated capacity: _____

_____
_____
_____
_____
_____

| Signature of Facility Manager (b)(6),(b)(7)(C),(b)(7)(F) | Date Prepared 7/12/13 |
| Signature of Chief Executive Officer | Date Approved |
| Signature of Facilities Administrator | Date Reviewed |
| Signature of Regional Director | Date Approved |

Mail the Original Signed Form(s) to:

Federal Bureau of Prisons
Assistant Director
Administration Division
320 First St., NW - Room 5009
Washington, D.C. 20534

Ex: C-30

END FORM

EMS-036.010
JAN 97

## RATED CAPACITY COMPUTATION   CDFRM   SENTRY EMS

**U.S. DEPARTMENT OF JUSTICE**                     **FEDERAL BUREAU OF PRISONS**

| Institution FCI FORT DIX   *Ex:C-31* | Date 07/12/2013 |
|---|---|
| Sentry Reporting Unit RDAP 5852 | Security Level LOW |

Total Institution Capacity : **260**          (Sum of items 1 and 2)

Special Housing Capacity (-): **N/A**          (Item 1 Total, if any)

Rated Capacity            : **260**          (Item 2 Less item 1)

**1. Special Housing:   N/A**    Administrative Detention/Disciplinary segregation and Hospital/Infirmary (Non-Medical Facilities)

| Unit Name | Housing Type (Room, Cell, etc) | Wet/ Dry | Num ber | SqFt Each | Capacity |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |

**. Permanent Housing:**

| Unit Name | Housing Type (Room, Cell, etc) | Wet/D ry | Numb er | SqFt Each | Capacity |
|---|---|---|---|---|---|
| 5852 RDAP UNIT 6 | ROOM | DRY | 24 | 517 | 216 |
| UNIT 6 | ROOM | DRY | 12 | 165 | 36 |
| UNIT 6 | ROOM | DRY | 1 | 246 | 4 |
| UNIT 6 | ROOM | DRY | 1 | 124 | 2 |
| UNIT 6 TOTAL | ROOM | DRY | 1 | 118 | 2 |
| | | | | | 260 |

**RDAP Rated Capacity**                                          **TOTAL    260**

Original - Regional Director ; Copy - Institution (for auditing purpose);

(This for may be replicated via WP)                                    Page 1

Please report any temporary housing, renovations or expansions of housing units under

items 3 and 4 below.  Enter none under Unit Name if there are none to report.

3. Temporary Housing:  These areas were not designed for/have not been permanently
converted to inmate bedspace and are not part of rated or
total institution capacity.

| Unit Name | Housing Type (TV Room,Gym,etc) | Wet/ Dry | Num ber | SqFt Each | Capacity |
|-----------|-------------------------------|----------|---------|-----------|----------|
|           |                               |          |         |           |          |

4. Renovation/Expansion (Future Rated Capacity):

| Unit Name | Housing Type (Room, Cell, etc) | Wet/ Dry | Num ber | SqFt Each | Projected Completion Date / Capacity |
|-----------|-------------------------------|----------|---------|-----------|--------------------------------------|
|           |                               |          |         |           |                                      |

Explanation for any changes to rated capacity:  <u>Changes to rated capacity are due
to current open Project 2A3Z, Renovate 5852/5851 RDAP.  This RDAP utilizes
the existing Special Housing as needed.  A final rated capacity will be
updated upon completion of the Project.</u>

| Signature of Facility Manager (b)(6),(b)(7)(C),(b)(7)(F) | Date Prepared 7/12/13 |
|--------------------------------------------------------|-----------------------|
| Signature of Chief Executive Officer                   | Date Approved 7/15/13 |
| Signature of Facilities Administrator                  | Date Reviewed         |
| Signature of Regional Director                         | Date Approved         |

Mail the Original Signed Form(s) to:

Federal Bureau of Prisons
Assistant Director
Administration Division
320 First St., NW – Room 5009
Washington, D.C. 20534

Ex: C-32

**Page 2**

END FORM

BP-A0288
Jan 17
U.S. DEPARTMENT OF JUSTICE

**INCIDENT REPORT**

FEDERAL BUREAU OF PRISONS

**Part I - Incident Report**

| 1. Institution: FCI FT. DIX | | Incident Report Number: | |
|---|---|---|---|
| 2. Inmate's Name **CROSS, DOUGLAS KENNETH** | 3. Register Number **50101-056** | 4. Date Of Incident **8-17-2017** | 5. Time **6:28AM** |
| 6. Place Of Incident **UNIT-D Room 216** | 7. Assignment **SHU UNASSG** | 8. Unit **SPECIAL HOUSING UNIT** | |
| 9. Incident: **POSSESSION OF A HAZARDOUS TOOL** | | 10. Code: **108** | |

11. Description Of Incident (Date: __8-17-17__ Time: __6:28__a.m.    Staff become aware of incident) Based on the final review of the investigation for case FTD-17-0236, inmate Lee, Reg. No. 66605-050 and Williams, Reg. No. 50477-083 was observed on videos that were uploaded by a cell phone that was viewed by this investigator on July 24, 2017, assaulting inmate Bick, Reg. No. 22765-014 in Unit-D room 216. Specifically, in the video inmate Lee has inmate Bick in a choke hold, while Bick is sitting in a chair, inmate Lee is heard saying "Get off your chair" repeatedly. Then ten seconds into the video inmate Williams is touching inmate Bick's left leg to trying to assist inmate Lee in getting inmate Bick out of the chair. Then 13 seconds into the first video inmate Lee says to inmate Bick "Say sorry, I don't like the way you disrespected me, why you disrespect me like that?" Then 26 seconds into the video inmate Williams pulls the blue chair that inmate Bick was sitting on out the way so inmate Lee can lay him onto the floor. At no time during this video did inmate Williams attempt to stop the assault on inmate Bick. Then 5 seconds into the 2nd video inmate Lee states "Let me break him down, look at his face, this is Ian when keeping it real goes wrong, tap out tap out Ian." Inmate Cross, Douglas Kenneth, Reg. No. 50101-056, was identified by inmate Bick as the individual that was recording the assault with the cell phone. Then inmate Bick says 41 seconds into the 2nd video "Don't ever choke me like that again motherfucker, I got your watch now. It's over; I just got out a choke hold." Then right before the video cuts off inmate Lee can be seen trying to pull inmate Bick away from bed 3 lower by his legs. Inmate Bick says, "You attacked me", this assault took place in 5741 between beds 2 lower and 3 lower in room 216.

| 12. Typed Name/Signature Of Reporting Employee C. Atkinson, SIS Lieutenant (Atkinson) | 13. Date And Time 8-20-17 7:20a.m. | |
|---|---|---|
| 14. Incident Report Delivered To Above Inmate By (Type Name/Signature) B. Virgillo | 15: Date Incident Report Delivered 8-20-17 12:10 | 16.Time Incident Report Delivered 12:10 |

**Part II - Committee Action**

17. Comments Of Inmate To Committee Regarding Above Incident

| 18. A. It Is The Finding Of The Committee That You: ____ Committed The Following Prohibited Act. ____ Did Not Commit A Prohibited Act. ____ Committed Prohibited Act   Code(s)_____ | B. _____ The Committee Is Referring The Charge(s) To The DHO For Further Hearing. C. _____ The Committee Advised The Inmate Of Its Finding And Of The Right To File An Appeal Within 20 Calendar Days. |
|---|---|

19. Committee Decision Is Based On Specific Evidence as Follows:

20. Committee action and/or recommendation if referred to DHO (Contingent upon DHO finding inmate committed prohibited act):

Ex: C-33

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: Cross, Douglas, K          50101-056          3A          Allenwood Medium
      LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

**Part A—REASON FOR APPEAL** In April of 2009, DOUGLAS K. CROSS (D/C), arrived at F.C.I Fort Dix (FTD). On Oct. of 2016, D/C, plead guilty before the DHO for a 108 write-up. On July 24,2017, D/C, was placed under S.I.S investigation "for an alleged assault", & was placed in the SHU on the assault investigation. On Aug. 20,2017, D/C, was given a incident report for possession of a hazardous tool. SEE, Ex: K-1, & K-2, herewith.

On Sept. 26,2017, D/C, was found guilty by DHO officer BOYCE, for possession of a hazardous tool.

D/C, contends that during his UDC, hearing, & signing of his inmate rights at discipline hearing he requested said UDC, that he wanted inmate WILLIAMS (#50477-083), & LEE (#66605-050), to be his witnesses during said DHO hearing which said DHO officer (BOYCE) "refuse"; claiming that he was not allowed to have his witnesses present during said DHO hearing, of which is a coomon practice at FTD; however, inmate WILLIAMS, provided a statement to the DHO office (BOYCE) stating that inmate D/C, "was not present" during said video recording in cell 216, unit 5741.

D/C, also contends that "he was not" in any of the recorded videos that were shown to him by the DHO officer during his DHO hearing, but regardless of the preponderance of

Jan. 8, 2018          (SEE, ATTACHMENT)          _____
      DATE                                          SIGNATURE OF REQUESTER

**Part B—RESPONSE**

Ex: C-34

_____          _____
      DATE                      REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE          CASE NUMBER: 927489121

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____          _____          _____          _____
      LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

SUBJECT: _____

BP-230(13)

evidence in favor of inmate D/C, said DHO officer found D/C, guilty "without any evidence". Therefore, D/C, request that inmate WILLIAM'S, statement, & both videos be reviewed by the Northeast Regional Office, & dismiss any, & all sanctions that were implemented by the DHO officer on <u>Sept. 26,2017</u>, against D/C, regarding the incident report under DHO report <u>#3023980</u>. <u>SEE</u>, Ex: K-3 - K-5, herewith.

    <u>REMEDY</u>: D/C, request that the <u>Aug. 20,2017</u>, incident report under DHO report <u>#3023980</u>, be expunge immediately.

Respectfully Requested By:

DATED: <u>Jan. 8,2018</u>

DOUGLAS K. CROSS

c.c. File; & Cert. Mail to the
     Northeast Regional Office
     <u>#7008-3230-0002-7202-8765</u>.

Ex: C-35

2

CROSS, Douglas
Reg. No. 50101-056
Appeal No. 927489-R1
Page One

### Part B - Response

You appeal the September 26, 2017 decision of the Discipline
Hearing Officer (DHO) at FCI Fort Dix finding you committed the
prohibited act of Possession of a Hazardous Tool, Code 108
Incident Report No. 3023980.  You deny committing the prohibited
act, and request that the Incident Report be expunged.

A thorough review of the record reveals questions concerning the
disciplinary process.  Based on this review, it was determined
this action and the sanctions imposed will be expunged from your
disciplinary record.  Accordingly, your appeal is granted.

Date: February 1, 2018                    M. D. CARVAJAL
                                          Regional Director

Ex: C-36

FCI Fort Dix, NJ

Drinking water contaminated by dangerous counts of "Coliform Bacteria. Tests conducted by Bioenvironmental Engineering 3457 Neely Rd., MDL, NJ 08641 phone # 609-754-9057.

State water System ID# NJ0325001 Last date tested: July, 2012. Staff brings in own water as per several COs.

Ex: C-37



_BERTO CONCEPCION, #22853-050
C.I Allenwood (MEDIUM)
O. Box 2000
White Deer, Pa. 17887
Without Prejudice U.C.C. 1-207/308)

RECEIVED
SCRANTON

MAY 2 9 2018

PER_____
DEPUTY CLERK

ALLENWOOD FEDERAL CORRECTIONAL INSTITUTION
WHITE DEER, PA 17887-2500

DATE

THE ENCLOSED LETTER WAS PROCESSED THROUGH
SPECIAL MAILING PROCEDURES FOR FORWARDING TO
YOU. THE LETTER HAS BEEN NEITHER OPENED NOR
INSPECTED. IF THE WRITER RAISES A QUESTION OR
PROBLEM OVER WHICH THIS FACILITY HAS
JURISDICTION, YOU MAY WISH TO RETURN THE
MATERIAL FOR FURTHER INFORMATION OR
CLARIFICATION. IF THE WRITER ENCLOSES
CORRESPONDENCE FOR FORWARDING TO ANOTHER
ADDRESSEE, PLEASE RETURN THE ENCLOSURE TO THE
ABOVE ADDRESS.

"LEGAL"
MAIL

◇22853-050◇
Us Court Pennsylvania
235 N Washington AVE
Scranton, PA 18501
United States

PRIORITY
★ MAIL ★

TRACKED
★ ★ ★
INSURED
★

UNITED STATES
POSTAL SERVICE®

For Domestic and International Use        Label 107R, May 2014

CERTIFIED MAIL
FOR USE ONLY WITH IMpb SHIPPING LABEL
Label 3800-N, January 2014        PSN 7690-17-000-0906

7008 3230 0002 7202 8789